Rudy D. Cannon was convicted of murder in the first degree in Jefferson County and was sentenced to life imprisonment. The conviction was affirmed by this court without opinion on October 20, 1980.
Appellant filed, pro se, a petition for writ of error coram nobis before the trial court in which he was convicted. The trial court appointed counsel for the coram nobis proceeding and upon a hearing by the trial court, the petition was denied. Hence this appeal.
Appointed counsel for the coram nobis proceeding was also appointed for the purpose of this appeal.
Appellant urges reversible error, alleging that (1) the evidence does not sustain the jury verdict, (2) he was denied effective assistance of counsel at his trial, (3) an item of evidence used against him was obtained by an illegal search and seizure, and (4) the trial court wrongfully refused to issue an attachment for one of his requested witnesses at the coram nobis hearing. The thrust of this appeal relates to the "denial of effective assistance of counsel" allegation.
 I
The office of the writ of error coram nobis, under Alabama law, is to bring to the court's attention for correction an error of fact, which does not appear on the face of the record, one which was unknown to both the court and the affected party at the time of the trial and which, if known in time, would have prevented the judgment challenged and served as a motion for a new trial on the ground of newly discovered evidence. The writ is not intended to serve as a substitute for an appeal, or to enable a defendant to question the merits of the case for which he stands convicted. Goodman v. State, 387 So.2d 862
(Ala.Cr.App. 1980), cert. denied, 387 So.2d 864 (Ala. 1980).
In effect, the function of the writ lies to correct a judgment rendered by the court upon errors of fact not appearing on the record and so important that if the court had known of them at the trial, it would not have rendered the judgment. The errors must be such that, if presented *Page 1099 
to the trial court, they would have prevented conviction rather than merely causing a different result. Summers v. State,366 So.2d 336 (Ala.Cr.App. 1978), cert. denied, 366 So.2d 346 (Ala. 1979).
It follows, then, that the writ does not serve the purpose of testing the sufficiency of the evidence upon which a jury convicted the appellant. That issue was decided against appellant upon the appeal of the conviction, which was previously affirmed by this court.
Furthermore, our independent search of the record of the original trial convinces us that there is an abundance of evidence upon which the jury's findings could be based.
 II
Challenges based on inadequacy of counsel do constitute grounds for coram nobis. However, counsel is presumed adequate and the fact that petitioner was convicted does not prove that counsel lacked zeal or competence, particularly when counsel was retained, as in the case at bar, rather than appointed.Summers, supra.
Appellant insists that he was denied effective assistance of counsel due to the failure of counsel (a) to file pre-trial motions, (b) to subpoena four "key" witnesses, (c) to file a timely appeal, and (d) to request certain jury instructions.
Appellant was represented at the trial by two retained attorneys, one of whom testified at the coram nobis hearing, after petitioner (appellant) waived the attorney-client privilege. The testimony as to pretrial motions was to the effect that counsel had received from the district attorney's office or the police department "copies of statements, copies of police reports, copies of lab results and things of that nature" prior to the trial on a voluntary basis without the necessity of filing any written motions to produce. Appellant argues that if counsel had pursued discovery of the matter, it would have disclosed evidence presented in the trial by the coroner's office about the position of the deceased man's arm, which conflicted with the testimony of the prosecution's eye witness, and that such discovery would have given credence to the defense of self-defense. The record reveals that conflicting evidence concerning the position of the deceased's arm was presented by two of the prosecution's witnesses, and that appellant's counsel vigorously cross examined both witnesses concerning the position of the deceased's arm; appellant's testimony relied heavily on the self-defense motive for the killing. Clearly, this conflict of evidence between the prosecution's case and the appellant's defense, which the record shows was clearly presented, was a jury question. Consequently, we fail to see how counsel's failure to determine the coroner's conclusions by pre-trial procedures could have, to any extent, bolstered the meritorious nature of appellant's defense of self-defense.
As to counsel's failure to move to suppress appellant's statement to the police, counsel adequately responded at the coram nobis hearing that the defense attorneys were pleased with the statement, as a matter of trial tactic, in that it was a self-serving statement.
Appellant's second attack on counsel's competence relates to counsel's failure to subpoena four "key" witnesses, Kathy Lucky, Tom Bradley, Dr. G. Barnett Hardy, and Larry Townley. Kathy Lucky and Tom Bradley testified at the coram nobis hearing, and neither witness testified in accordance with appellant's expectations. Appellant alleges that the testimony of Dr. Hardy would have shown that it was impossible for appellant to run (alluding to the defense of self-defense) rather than the stipulated statement of Dr. Hardy read to the jury, which stated that appellant was suffering from traumatic arthritis and that it would be extremely painful and difficult for appellant to run. Dr. Hardy did not testify at the coram nobis hearing.
As to potential witness Larry Townley, appellant testified on cross examination at the original trial that he had not tried to locate the witness before the week of trial. Furthermore, there was no evidence presented at the coram nobis hearing, other *Page 1100 
than appellant's allegations, tending to prove what Mr. Townley's testimony would have been. The record of the coram nobis proceeding indicates that the prosecution had attempted to locate this witness prior to the original trial but to no avail. Townley was subpoenaed to the coram nobis hearing but did not appear.
We do not agree that the failure to subpoena the four witnesses reflects adversely to any degree on the trial counsel. Furthermore, counsel testified at the coram nobis hearing that prior to conclusion of the defendant's (appellant's) case, a "fairly lengthy discussion" was held by counsel with appellant and his girl friend, and that "Mr. Cannon agreed with us we should rest."
The issue of failure to file a timely appeal is not directed at appellant's retained trial counsel, but is aimed at different counsel, which appellant retained for the appeal. The appeal of the original trial was filed in this court and appellant's retained counsel filed a brief, although it was not timely filed. We make these observations relative to the allegations of ineffective appeal counsel in spite of the fact that allegations of inadequacy of appeal counsel are not within the scope of coram nobis.
Our independent search and examination of the record of the original trial reveals that appellant's contentions regarding ineffective counsel are wholly without merit. In the coram nobis hearing, the trial court noted that he was the trial judge in the original case, having observed the case from beginning to end; the court observed that appellant's counsel represented appellant "with vigor and ability" during the trial.
In order to establish that appellant was denied effective assistance of counsel, he must show that the conduct of the counsel reduced the trial to a farce, sham, or mockery of justice. Goodman, supra; Robinson v. State, 361 So.2d 1172
(Ala.Cr.App. 1978). Appellant has fallen far short of this essential requirement. Even if we apply the standard of "reasonably effective" assistance of counsel recently adopted by the United States Court of Appeals for the Fifth Circuit,Harris v. Oliver, 645 F.2d 327 (5th Cir. 1981), we find appellant substantially fails to meet his burden of proof.
 III
The issue of an alleged illegal search and seizure is not within the scope of coram nobis. Goodman, supra, and Summers, supra. In passing, it is noted that appellant's contentions in this regard are not borne out by the records of either the trial proper or the coram nobis hearing.
 IV
Compelling attendance of witnesses by attachment is within the sound discretion of the trial court. Autrey v. State,44 Ala. 53, 202 So.2d 88 (1967), cert. denied, 390 U.S. 1030,88 S.Ct. 1422, 20 L.Ed.2d 287 (1968). We find no abuse of that discretion.
There is nothing in the record before us which even slightly indicates that the findings of the trial court are not correct. The judgment of the trial court is, in all things, affirmed.
AFFIRMED.
All the Judges concur.