PATTERSON, Judge.
Appellant, Vernon Charles Brisker, was convicted of burglary in the second degree on May 28,1981, and sentenced to 10 years’ imprisonment. On appeal this court affirmed the conviction. On February 11, 1985, appellant filed a petition for writ of error coram nobis and/or writ of habeas corpus in which appellant contends that he was denied effective assistance of counsel due to his counsel’s failure to enter a plea of former jeopardy in his burglary trial on May 28, 1981. After an evidentiary hearing, the circuit court denied the petition. Appeal was timely filed.
The burglary case was originally set for trial on May 20, 1981. A continuance was granted when appellant’s retained attorney, Mr. Walter Davis, failed to appear for trial. No reason was given for his failure to appear. The trial court set the case for trial the next day, May 21, 1981.
A transcript of the May 21, 1981, proceeding was introduced by the State at appellant’s coram nobis hearing. This transcript reveals that the State informed the trial court, prior to jury selection, that due to the continuance, it was unable to inform its witnesses to be present on May 21, 1981. The witnesses had been on call (to be notified by telephone) until noon on the original date of trial. It is unclear whether the State failed to procure these witnesses on May 21 due to its own neglect, error in the clerk’s office, or mere confusion. Regardless of the reason, the witnesses were not told to be present on May 21, 1981, and were absent. A jury was struck, sworn, placed in the jury box and the indictment read to the jury by the judge. We believe that jeopardy attached at this point. See Collins v. State, 385 So.2d 1005 (Ala.1980). The State requested and was granted a recess until 2:00 p.m. in order to contact its witnesses. Being unable to locate its witnesses, the State again informed the court that its witnesses were unavailable. The trial court discharged the jury, and in effect, declared a mistrial. See Ala.Code 1975, § 12-16-233. Mr. Davis, appellant’s trial counsel, on two occasions stated that he had no objection to the discharge of the jury, although he spoke to this in terms of a continuance.[1] The case was reset for trial on May 28, 1981, when a new jury was struck and trial held, resulting in a guilty verdict.
Appellant maintains that he was denied effective assistance of counsel due to counsel’s failure to enter a plea of former jeopardy at his trial. This issue is without merit. Had counsel entered a plea of former jeopardy, it would have been proper *523 for the trial court to overrule it due to appellant’s consent or approval through his retained counsel. See Oliver v. State, 479 So.2d 1385 (Ala.Crim.App.1985). Questions involving consent when arising in former jeopardy cases were fully dealt with in Oliver, wherein we recognized that a defendant may not plead former jeopardy where he “freely and without any misconduct on the part of the prosecutor or the judge, consented, through counsel, to the declaration of a mistrial. That consent removes any bar to retrial.” United States v. Bobo, 586 F.2d 355, 366 (5th Cir.1978), cert. denied, 440 U.S. 976, 99 S.Ct. 1546, 59 L.Ed.2d 795 (1979) (quoted in Oliver). We do not find any evidence, in the record of this case, of misconduct by the prosecutor or trial judge.
We view counsel’s acquiescence to the mistrial as clearly within the realm of trial strategy. We note that counsel was retained by appellant, and the presumption of adequacy is particularly strong under our case law in such cases. See Cannon v. State, 416 So.2d 1097, 1099 (Ala.Crim.App.1982); Summers v. State, 366 So.2d 336, 341 (Ala.Crim.App.1978), cert. denied, 366 So.2d 346 (Ala.1979), and cases cited therein. The defense attorney was certainly aware that a potential jeopardy problem existed, as evidenced from the lengthy discussion of this subject between the State’s attorney and the trial judge. It was therefore, clearly, not out of ignorance of the possible jeopardy claim that he consented, and we must therefore conclude that some strategic reason existed for him to consent. There may have been any number of reasons why counsel would have preferred to delay the trial an additional week. As stated in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984):
“It is all too tempting for a defendant to second guess counsel’s assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel’s defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable.”
We cannot conclude, from the record, that appellant has overcome the “strong presumption” that trial counsel’s decision fell within the area of sound trial strategy. See Strickland, 466 U.S. at -, 104 S.Ct. at 2066.
In brief it is argued that counsel should have contested and objected to the granting of the mistrial because there was no “manifest necessity” present which would justify the mistrial order in the face of an objection. There does exist authority for the proposition that “an accused is protected against a second trial where the jury in the first trial was discharged solely on the ground that witnesses for the prosecution were absent and therefore their testimony could not be adduced.” 22 C.J.S. Criminal Law § 259 (1961). In this case, however, the transcript clearly reveals that the trial judge granted the mistrial because there was no objection from the defense. Had an objection been raised, other methods of dealing with this problem could have been resorted to by the trial court, short of a mistrial. For example, the court could have simply recessed until the next day, thereby allowing the State additional time to procure its witnesses. As is stated in § 12-16-233, Code of Alabama 1975:
“The court or presiding judge in all cases of jury trial may discharge the jury without giving a verdict with the consent of all parties to the trial or without the consent of the parties, when, in the opinion of the court or judge, there is a manifest necessity for the discharge or when the ends of justice would otherwise be defeated.”
Appellant’s consent to the court’s action relieved the court from the necessity of determining whether manifest necessity existed, or whether some alternative procedure should be followed.
The judgment of the trial court denying appellant’s petition for writ of error coram nobis is due to be affirmed. We find that trial counsel’s performance did not fall below the standard of reasonably effective assistance of counsel due to his failure to *524 raise a former jeopardy issue at appellant’s trial of May 28, 1981.
AFFIRMED.
All the Judges concur.

. The court inquired of the defense attorney whether he would “be willing to give the State an opportunity to get the witnesses here and reset it for next week?” Appellant's attorney had no objection. Later, as the State and trial judge argued the question of jeopardy attaching, the defense attorney stated, "Judge, the defense has no objection to a continuance." Although the defense attorney stated he had no objection to a "continuance,” it is clear, from a reading of the record, that he was aware that the jury was to be discharged if the trial were delayed. The attachment of jeopardy would have no consequence if the jury were not discharged. Additionally, when the subject was first discussed the trial judge stated that the case would be “reset,” not continued. Defense attorney was clearly aware that a continuance was not the subject of debate when he offered his "no objection" statement.