521 So.2d 1352 (1987)
Ronnie Lanier COLVIN
v.
STATE.
6 Div. 390.
Court of Criminal Appeals of Alabama.
September 8, 1987.
On Return to Remand November 24, 1987.
Rehearing Denied January 26, 1988.
Certiorari Denied April 1, 1988.
*1353 Ronnie Lanier Colvin, pro se.
Don Siegelman, Atty. Gen., and Jane Le-Croy Brannan, Asst. Atty. Gen., for the State.
Alabama Supreme Court 87-572.
BOWEN, Presiding Judge.
This is an appeal from the summary denial of a pro se petition for writ of error coram nobis.
The petitioner alleges that his guilty pleas were involuntary because he was represented by ineffective counsel. Because the coram nobis petition is "meritorious on its face," Moore v. State, 502 So.2d 819 (Ala.1986); Ex parte Clisby, 501 So.2d 483 (Ala. 1986), and, because the allegations of the petition stand unrefuted and unchallenged, the petitioner is entitled to an evidentiary hearing. Ex parte Boatwright, 471 So.2d 1257 (Ala.1985).
Contrary to the Attorney General's argument, there is absolutely nothing in the record before this Court to indicate that the circuit court judge who denied the coram nobis petition had any personal knowledge of the facts surrounding the petitioner's guilty pleas in 1980.
"In considering a petition for writ of error coram nobis, a court may and should determine the `reasonableness of the allegations made in the petition and the probability or improbability of their truth.'" Holsclaw v. State, 429 So.2d 1185, 1187 (Ala.Cr.App.1983). However, where the trial court does not make a finding in the record based upon its personal knowledge and where the State does not file an answer or return denying the allegations of fact in the petition, those facts must be accepted as true. Ex parte Floyd, 457 So.2d 961, 962 (Ala.1984); Hall v. State, 495 So.2d 717, 718 (Ala.Cr.App.1986).
This cause is remanded for further proceedings not inconsistent with this opinion.
REMANDED FOR FURTHER PROCEEDINGS.
All Judges concur.

ON RETURN TO REMAND
BOWEN, Presiding Judge.
On remand, the circuit judge held an evidentiary hearing, examined documents in the files of the petitioner's cases, and concluded: "Petitioner has produced unclear, unsatisfactory statements totally contrary to the truth" and "has not established [his] right to relief by clear, full and satisfactory proof."
Based on the findings of the circuit judge contained in the record, the judgment of the circuit court denying the coram nobis petition is affirmed.
OPINION EXTENDED; AFFIRMED.
All Judges concur.