Roy Kenneth Henley appeals from the denial of his petition seeking post-conviction relief under Rule 20, Ala.R.Cr.P.Temp., which was denied by the circuit court based upon a motion of the district attorney, who answered in effect, that this was a repetitious petition and therefore should be denied. An examination of this record reveals the following matters:
Roy Kenneth Henley was initially indicted during 1987 by the grand jury of Henry County for first degree rape. It appears that on September 4, 1987, there was a waiver of arraignment and that, thereafter, several pretrial motions were filed and heard. The cause then came on for trial on April 29, 1988, and the jury found the appellant guilty of rape in the first degree as charged. The appellant's counsel then gave notice of appeal and the appeal was prosecuted to this court. The appellant was sentenced to 20 years' imprisonment.
This court affirmed the appellant's first degree rape conviction on January 30, 1989, without opinion. On March 3, 1989, the application for rehearing was overruled and, thereafter, the appellant applied for writ of certiorari to the Alabama Supreme Court. This was denied on April 28, 1989, without opinion.
The appellant then filed a Rule 20 petition, averring that his trial counsel had been ineffective and inadequate because, the appellant said, he failed to properly investigate the case, and averring that there was certain newly-discovered evidence which would establish his innocence.
That motion was subsequently denied by the circuit court, based upon motion by the district attorney, because it failed to state a basis upon which relief could be granted. No evidentiary hearing was conducted. This motion for post-conviction relief was denied by the circuit court on September 11, 1989; the court stated that the petitioner had failed to state a claim on which relief could be granted. The cause was then appealed to this court, which affirmed without opinion on February 26, 1990. Application for rehearing was overruled on March 30, 1990, without opinion.
On August 2, 1990, the present petition was filed in circuit court. The district attorney filed a motion stating that this was a repetitious petition and moving the court to dismiss it. On October 31, 1990, the circuit court granted the State's motion for summary disposition and dismissed the petition.
Appellant argues here that the same attorney who represented him at his original trial and on original appeal had also been appointed in the proceeding on the first Rule 20 petition. We do not know whether this is correct. Nevertheless, it appears to this court from the record that there has been no hearing on the merits of the appellant's allegation with reference to the alleged ineffective assistance of counsel both at trial and on the original appeal.
On authority of the following three cases, the appellant is entitled to an evidentiary hearing on the merits of his allegations: Colvin v. State, 521 So.2d 1352 (Ala.Crim.App. 1987), cert. denied (Ala. 1988); Watson v. State, 451 So.2d 373
(Ala.Crim.App. 1984); Battle v. State, 507 So.2d 1059
(Ala.Crim.App. 1987).
The trial court shall conduct an evidentiary hearing on the merits of the allegations made. Due return shall be filed following the hearing, within 60 days from date of this opinion, which return shall include the evidence taken at the hearing and the trial court's findings, which shall be in writing, *Page 592 
as to the merits of this appellant's allegations.
For the reasons shown, the trial court's order denying relief is hereby set aside and the cause is remanded with directions for an evidentiary hearing.
REMANDED WITH DIRECTIONS FOR AN EVIDENTIARY HEARING.
All the Judges concur.