The appellant was convicted of first degree sodomy and three counts of enticing a child. His conviction on one of the enticement charges was reversed by this Court on appeal.547 So.2d 599. The appellant thereafter filed a petition for relief under Rule 20, A.R.Cr.P.Temp., stating as grounds for relief 8 "main topics" and 50 or more additional "issues." The State moved for judgment on the pleadings, specifically *Page 51 
stating that the requested relief was precluded by Rule 20.2(a)(2), (3), (4) and (5). After an evidentiary hearing, the trial court denied the appellant's petition.
The appellant's first claim was that his conviction was obtained by using a coerced confession. The trial court noted that the appellant actually appeared to be arguing that his appellate counsel was ineffective for failing to raise this issue on direct appeal and that "the original argument that I was asking y'all to address . . . is what evidence do you have that [this issue] . . . was not raised on appeal and doesn't appear of record in the trial court below?" The appellant's attorney then acknowledged that the issue had not been raised on direct appeal, and the trial court stated that the law is that "facts and legal issues that could have been raised on appeal . . . are not subject to an Error Coram Nobis or a Rule 20."
The appellant next claimed that his conviction was obtained through an unconstitutional search and seizure. The trial court asked if there was any evidence that was not raised on appeal or that could not have been raised on appeal. After agreeing that the issue had been addressed by the appellate court, the appellant attempted to show new evidence based on an affidavit that was contained in the original record. He also claimed that a second affidavit would show that the charged offenses had never occurred. He said that he had not investigated the potential testimony at the time of trial on the advice of his attorneys. The trial court found that the offer of proof was not sufficient to establish "issues that could not have been raised on trial, that could not have been raised on appeal."
The appellant's third claim was that his conviction was obtained pursuant to an unlawful arrest. The trial court asked for any evidence that was not presented at trial and could not have been presented on appeal. The appellant's attorney replied that the evidence had been available but that it had not been used by the appellant's trial counsel. The court then found that the offer of proof was insufficient to sustain a Rule 20 petition.
The appellant's fourth claim was that his conviction was obtained by violation of his privilege against self-incrimination. The trial court asked for an offer of proof that the issue was not and could not have been raised at trial or on appeal. The appellant's attorney responded, "nothing — nothing, Your Honor," and the court then stated that ground 5 would not support the petition.
The fifth claim was that the prosecution had failed to disclose evidence favorable to the appellant. The appellant contended that certain statements that he believed would have been beneficial were not provided to him in discovery. The trial court stated that "[a] motion could have been filed with the trial court to rule on such and the trial court could have ruled on such. I find that this is not a new ground which would support a Rule 20 petition."
The appellant's sixth claim was that the protection against double jeopardy had been violated because he previously had been tried on several charges in Escambia County District Court. The appellant's counsel stated that he did not know of any reason why the issue could not have been raised at the trial court level. The court then found that the ground would not support the petition.
Concerning the appellant's seventh claim, that the grand or petit jury was unconstitutionally selected or impaneled, the trial court asked whether the issue was ruled on by the trial court. The appellant's attorney responded, "I believe so, Your Honor," and the trial court then determined that the issue "was presented at trial and is not available here."
The appellant claimed that he had newly discovered material facts concerning the case. He testified that former nextdoor neighbors could state that he had been framed. He agreed that he or his attorney could have talked to them prior to his trial. The appellant's son testified that he recently had learned of a potential witness who had been told to lie about his father, but that the potential witness had not testified at his father's trial. A former neighbor testified that she had not been contacted at *Page 52 
the time of trial and that she had not heard anything about a frame-up. The appellant's sister testified that she had not been subpoenaed for his trial. She said she could have testified that police officers searched the appellant's home after taking his wife into custody and that the children the appellant allegedly enticed were in the house of their own volition. Another witness then stated that since the appellant's trial, she had heard rumors about his character in Sunday school class.
The appellant's attorney then made offers of proof concerning the expected testimony of subpoenaed witnesses who had not been found. He stated that several witnesses were to testify that certain individuals had told David Douglas to say things about the appellant so that he would be charged with enticing children. A city police chief was to testify that if he had been chief at the time, the search and arrest would not have taken place. The court stated that the information was available at the time of trial and on appeal and was not newly discovered evidence.
The appellant's final claim was that he had been denied the effective assistance of counsel. The State argued that the claim of ineffective assistance of trial counsel was precluded because it could have been raised on direct appeal. It is undisputed that the appellant had different counsel on appeal. The court stated that there was no doubt that the appellant could have raised the claim of ineffective assistance of trial counsel on direct appeal. The appellant's attorney proceeded to argue specifically that the trial counsel had a conflict of interest, had failed to properly question the appellant's neighbors, and had failed to call a potential character witness. The trial court ruled that these claims could have been raised on direct appeal.
The appellant then retook the stand and testified that he had raised a total of 65 claims. He stated that the only newly discovered evidence he knew of had been presented in court. He further stated that he had a list of grounds of prosecutorial misconduct "as long as your arm." The court responded that this issue could have been raised at trial.
The final contention of the appellant's counsel was that the testimony of the counsel on direct appeal was needed because it was due to his ineffective assistance that certain issues were not raised. The trial court earlier had discussed whether a claim concerning appellate counsel could be raised in the appellant's petition. The court did not rule specifically on the issue at the hearing or hear testimony concerning the appellate counsel's representation. At the conclusion of the hearing, the trial court ruled that the appellant's motion under Rule 20 was denied.
The appellant raises five issues in an appellate brief. His specific contentions are as follows:
 "(1) The trial court erred in not hearing each and every alleged constitutional violation.
 "(2) The trial court erred in its interpretation of newly discovered evidence.
 "(3) and (4) the trial court erred in denying relief on each and every issue contained in the petition.
 "(5) The trial court erred in allowing the initial conviction and sentenced to be imposed, allegedly in violation of State laws and constitutional rights."
 I.
As to issues (1) and (5), the trial court and the appellant's counsel asked the appellant at the Rule 20 hearing if there were any further issues he wanted to raise. The appellant raised only the issues and offered only the proof heretofore set out, thereby effectively waiving the claims he makes on appeal in issues (1) and (5) above.
 II.
As to issue (2), the trial court properly determined that the appellant had failed to establish his claim of newly discovered evidence. It is apparent from the testimony taken at the hearing that the appellant failed to show either that the facts were not known to him or his counsel at the time of trial or that they could not have been discovered by due diligence. *Page 53 
Moreover, the appellant failed to establish that if the facts had been known at trial or at sentencing, the result would probably have been different. See Rule 20.1(e)(1) and (4), A.R.Cr.P.
 III.
Concerning issues (3) and (4), the trial court entered a written order denying the petition that was based on the merits of the appellant's claims. However, except as to the issue of ineffective assistance of appellate counsel, the trial court at the hearing also orally denied the claims on procedural grounds. The court's findings that various of the appellant's claims were precluded because they were or could have been raised at trial or on appeal is amply supported by the testimony at the evidentiary hearing. In his written order, the trial court simply disavowed the appellant's claims or stated that his claims are not so, implying that the trial court also ruled on the merits. Therefore, the basis of the trial court's ruling is unclear.
 "In Ex parte Rice, 565 So.2d 606, 608 (Ala. 1990), the Alabama Supreme Court held:
 " 'Under that Rule [20.3] the State is required to plead the ground or grounds of preclusion that it believes apply to the petitioner's case, thereby giving the petitioner the notice he needs to attempt to formulate arguments and present evidence to 'disprove [the] existence [of those grounds] by a preponderance of the evidence.' Temp. Rule 20.3, Ala.R.Crim.P. A general allegation that merely refers the petitioner and the trial court to the rule does not provide the type of notice necessary to satisfy the requirements of due process and does not meet the burden of pleading assigned to the State by Rule 20.3.'
 "In Ex parte Williams, 571 So.2d 987, 988-89
(Ala. 1990), that court noted that although 'an appellate court can disagree with the reasoning that the trial court gave in entering a judgment but still affirm the judgment, as long as the judgment itself is proper,' an appellate court may not 'use a procedural basis that was not asserted until appeal to justify an alleged substantive error' by the trial court. (Emphasis in [Williams)
 "Here, the circuit court's denial of the petition as 'without merit' does not appear responsive to the district attorney's motion to dismiss. Without directing any criticism toward the circuit court, this Court simply cannot determine the basis of that court's decision. The above decisions of our Supreme Court tend to indicate that that basis is essential to afford the petitioner due process on his appeal of the denial of his petition. See Sheats v. State, 556 So.2d 1094, 1095 (Ala.Cr.App. 1989) ('If the circuit judge has personal knowledge of the actual facts underlying the allegations in the petition, he may deny the petition without further proceedings so long as he states the reasons for the denial in a written order.')."
Henderson v. State, 570 So.2d 879 (Ala.Cr.App. 1990). Therefore, as in Henderson v. State, supra, this cause is due to be remanded for the trial court to specify the reasons for his denial of the petition — whether they be procedural or based on the merits — and the grounds therefor.
 IV.
Concerning the appellant's claim of ineffective assistance of appellate counsel, the trial court in its written opinion found as follows:
 "10. That the Court made no determination as to the effect of petitioner's appellate counsel as it is the opinion of this Court that this matter is not properly within the jurisdiction of the trial court and should have been presented to the appellate courts and the Court relies on Cannon v. State, 416 So.2d 1097."
The dicta in Cannon v. State, 416 So.2d 1097, 1100
(Ala.Cr.App. 1982), that "allegations of inadequacy of appellate counsel are not within the scope of coram nobis," should not be interpreted to limit the ability of the trial court to hear a claim of ineffective assistance of appellate counsel. The issue of whether the appellant's counsel *Page 54 
was ineffective for failure to raise specific issues on appeal must be considered and addressed by the trial court before it is subject to review by this Court. See, e.g., Floyd v. State,571 So.2d 1221 (Ala.Cr.App. 1989); Saffold v. State,563 So.2d 1074 (Ala.Cr.App. 1990); Henley v. State, 582 So.2d 590
(Ala.Cr.App. 1991).
Therefore, this cause is due to be remanded to the trial court for entry of written findings as to the basis and reasons for the denial of this petition, and for consideration of the appellant's claim of ineffective assistance of appellate counsel. The trial court should return its findings to this court within 84 days.
REMANDED WITH INSTRUCTIONS.
All Judges concur except BOWEN, J., concurs in result only without opinion.