COBB, Judge.
This case was originally assigned to another judge on the Alabama Court of Criminal Appeals. It was reassigned to Judge Cobb on January 17,1995.
Joseph Drayton appeals from the denial of his Rule 32, Ala.R.Crim.P., petition attacking his conviction for robbery in the first degree. He raises two issues on appeal.
First, the appellant alleges that his trial counsel was ineffective. This issue was raised and addressed on direct appeal; therefore, we are precluded from reviewing this issue in a Rule 32 proceeding. Rule 32.2(a)(4), Ala.R.Crim.P. Eckles v. State, 639 So.2d 523 (Ala.Crim.App.1993).
Second, the appellant alleges that his appellate counsel was ineffective. Because the State did not specifically respond to the allegations relating to the ineffective assistance of appellate counsel, we must consider these allegations to be facially meritori *1359 ous. Further, the trial court did not address these allegations in its order denying the petition.
“The issue of whether the appellant’s counsel was ineffective for failure to raise specific issues on appeal must be considered and addressed by the trial court before it is subject to review by this Court. See, e.g., Floyd v. State, 571 So.2d 1221 (Ala.Cr.App.1989); Saffold v. State, 563 So.2d 1074 (Ala.Cr.App.1990); Henley v. State, [1991], 582 So.2d 590 (Ala.Cr.App.1991).”
Tedder v. State, 586 So.2d 50, 54 (Ala.Crim.App.1991).
Therefore, we remand this cause to the trial court with directions that the State be allowed to specifically respond to the allegations of ineffective assistance of appellate counsel. The trial court on remand shall determine whether an evidentiary hearing should be held on the appellant’s allegations. The trial court shall enter written findings with regard to each of the appellant’s allegations of ineffective assistance of appellate counsel. The trial court shall take necessary action to see that the circuit clerk makes due return to this Court at the earliest possible time and within 84 days of the release of this opinion. The return to remand shall include a transcript of the remand proceedings conducted by the trial court.
REMANDED WITH INSTRUCTIONS. 
All the Judges concur.