LONG, Judge.
The appellant, Cornelius Jackson, appeals from the summary dismissal of his petition for post-conviction relief filed pursuant to Rule 32, Ala.R.Crim.P., which attacked his August 1993 conviction for first-degree robbery. The appellant’s conviction was affirmed by this Court on direct appeal. Jackson v. State, 650 So.2d 593 (Ala.Crim.App.1994).
The record reflects that the appellant filed his 65-page Rule 32 petition in the circuit court of Jefferson County on January 17, 1995. In the petition, the appellant raised numerous claims that he argues entitle him to relief. Specifically, the appellant alleges:
1. That his conviction was obtained by the use of evidence obtained pursuant to an unlawful arrest because, he argues, the arrest warrant, which was not signed by the victim under oath, was not valid;
2. That his conviction was obtained by the action of an unconstitutionally selected and impaneled grand or petit jury;
3. That he was denied the effective assistance of counsel at the preliminary hearing because, he argues, his counsel waived the preliminary hearing without his consent;
4. That he was denied the effective assistance of counsel on appeal;
5. That the trial court erred in allowing him to waive counsel and to represent himself at trial without first engaging in a *229 thorough colloquy to ensure that his waiver of his right to counsel was knowing and intelligent;
6. That he was denied the right to self-representation at trial because of stand-by counsel’s unsolicited participation during trial;
7. That he was denied due process and his right to discovery because, he argues, the state failed to provide him with copies of the victim’s statement;
8. That the court was without jurisdiction to render a judgment or impose sentence because, he argues, the warrant for his arrest was void for the reasons stated in paragraph one above;
9. That the trial court erroneously allowed perjured testimony to be used in obtaining his conviction;
10. That he was denied his right to present witnesses and alibi evidence on his behalf because, he argues, the trial court prohibited him from submitting into evidence copies of court records that, he maintains, would have shown that he was in jail when the robbery occurred;
11. That he was denied his right to counsel on appeal because, he alleges, this court allowed his appellate counsel to withdraw without first determining whether his counsel’s arguments on appeal were valid.
On February 17, 1995, the state filed a response and a motion to dismiss the appellant’s petition in which it averred that the appellant’s claims were procedurally barred because they either were raised, or could have been raised, on appeal. The state also argued that the appellant’s contentions were bare allegations that did not support a claim for relief.. As to the appellant’s claims of ineffective assistance of counsel, the state argued, generally, that those claims were without merit.
On February 23, 1995, the trial court entered the following order: “Motion to dismiss is granted. Petition dismissed with costs taxed to the petitioner, Cornelius Jackson.” (C. 86.)
On appeal from the dismissal of his petition, the appellant contends essentially that, in light of the allegations raised in his petition, and the state’s response to the petition, the trial court erred in dismissing his petition without an evidentiary hearing.
Nine of the eleven claims that were presented in the appellant’s Rule 32 petition were precluded from review. Specifically, those claims of the appellant summarized in paragraphs 1 through 3 and 5 through 10 (noted above) were precluded from review because they either were raised at trial, or they could have been but were not raised at trial and on appeal, or because they were raised on appeal. Rule 32.2, Ala.R.Crim.P. The appellant’s allegation that he was denied his right to counsel on appeal because this Court allowed his appellate counsel to withdraw without first determining whether his counsel’s arguments on appeal were valid (paragraph 11, above) is without merit.
As noted, the appellant alleged that his appellate counsel was ineffective. Specifically, the appellant claimed that his appellate counsel failed to ensure that the trial transcript was complete and that his failure to do so resulted in the omission of the jury selection process from the transcript. He argues that that omission precluded him from raising “the Batson issue.” (C. 20.) The appellant also argued that his appellate counsel was ineffective because, he argues, counsel did not raise the following issues on appeal: (a) whether the warrant for his arrest was valid; (b) whether the trial court erred in allowing him to represent himself at trial without first ensuring that he had knowingly waived his right to counsel; and (c) whether he was denied his right to self-representation due to his stand-by counsel’s unsolicited participation at trial. (It should be noted that the appellant’s stand-by counsel at trial was also his counsel on direct appeal.) The appellant additionally alleged that his appellate counsel failed to file a motion for a new trial; however, the record from the direct appeal reflects that the appellate counsel did file a motion for a new trial.
The state did not specifically address the appellant’s claims of ineffective assistance of appellate counsel, nor did the trial court ad *230 dress these allegations in its order denying the petition.
“The issue of whether the appellant’s counsel was ineffective for failure to raise specific issues on appeal must be considered and addressed by the trial court before it is subject to review by this Court. See, e.g. Floyd v. State, 571 So.2d 1221 (Ala.Cr.App.1989); Saffold v. State, 563 So.2d 1074 (Ala.Cr.App.1990); Henley v. State, 582 So.2d 590 (Ala.Cr.App.1991).”
Tedder v. State, 586 So.2d 50, 53-54 (Ala.Crim.App.1991). We find that it is necessary to remand this cause to the trial court with directions that the trial court enter a new order addressing only the appellant’s allegations of ineffective assistance of appellate counsel.
In remanding this cause, we direct the trial court’s attention to our order of remand in Harper v. State, 676 So.2d 949, 949 (Ala.Crim.App.1995), where we stated:
“Because of the wealth of allegations in Harper’s petition, if the court finds that a particular allegation fails to meet the requirements of specificity of Rule 32.6(b), we encourage the court to so note with particularity in its written findings. It is to do likewise if it finds that a particular allegation fails to state a claim or to present any material issue of fact or law that would entitle Harper to relief. In other words, the court’s written findings are to address individually each claim not precluded by Rule 32.2.
“In the event that the circuit court on remand finds that any of Harper’s claims, particularly any of the ineffective counsel claims, are meritorious on their face, the court may properly dispose of those allegations without an evidentiary hearing under one of two sets of circumstances. First, if it has before it ‘facts supporting the position of each party [that] are fully set out in ... supporting affidavits.’ Johnson v. State, 564 So.2d 1019, 1021 (Ala.Cr.App.1989) (relying on Temp.Rule 20.9(a), Ala. R.Cr.P., now Rule 32.9(a), which states, in part, that ‘the court in its discretion may take evidence by affidavits, written interrogatories, or depositions, in lieu of an evidentiary hearing’). Second, if the events that serve as the basis of the ineffective counsel allegation were observed by the same judge who rules on the Rule 32 petition. Ex parte Hill, 591 So.2d 462, 463 (Ala.1991) (wherein the court held that ‘a judge who presided over the trial or other proceeding and observed the conduct of the attorneys at the trial or other proceeding need not hold a hearing on the effectiveness of those attorneys based upon the conduct that he observed’). See also Benefield v. State, 583 So.2d 1370, 1370 (Ala.Cr.App.1991) (wherein the court noted that meritorious allegations ‘warrant either an evidentiary hearing or an adequate explanation for their denial’). In the event that the circuit judge has personal knowledge of the actual facts underlying any of Harper’s allegations, he may deny the allegations without further proceedings on those allegations so long as he states the specific reasons for the denial in his written order. See Sheats v. State, 556 So.2d 1094 (Ala.Cr.App.1989).”
Should the trial court deem it necessary to hold an evidentiary hearing addressing the appellant’s claims of ineffective assistance of appellate counsel, the trial court’s return to remand shall include a transcript of those proceedings. In the event that the trial court conducts an evidentiary hearing on the appellant’s allegations of ineffective assistance of appellate counsel, Rule 32.9(d), Ala. R.Crim.P., requires that the trial court enter a finding of fact addressing each material issue of fact presented. On remand, the trial court may, in its discretion, require a more thorough response from the state, specifically addressing the allegations of ineffective assistance of appellate counsel. The trial court should take the necessary action to ensure that the circuit clerk makes due return to this court at the earliest possible time within 56 days from the date of this opinion.
REMANDED WITH INSTRUCTIONS.
All Judges concur.

On Return to Remand

LONG, Presiding Judge.
This court on December 29, 1995, remanded this cause to the trial court with *231 directions that the trial court enter a new order addressing the allegations of ineffective assistance of appellate counsel that Cornelius Jackson, the appellant, raised in his 65-page Rule 32, Ala.R.Crim.P., petition. The petition attacked the appellant’s August 1993 conviction for first-degree robbery. On return to remand, the trial court filed an order stating, in pertinent part, as follows:
“Upon review of the Court’s file, [the Court] finds that in the appellant’s Rule 32 motion that was submitted to this Court, the appellant claimed denial of effective assistance of counsel and nothing more.
“The appellant did not specify whether this ineffective assistance of counsel was trial counsel or appellate counsel, nor did he state any factual basis for this claim. Therefore, the Court amends its order denying his Rule 32 motion, to include that [the] motion is also denied because it lacks the required specificity required by Rule 32.6(b) of the Rules of Criminal Procedure.”
We cannot agree with the trial court’s determination that the appellant’s Rule 32 petition failed to assert a claim of ineffective assistance of appellate counsel. As we indicated in our opinion on original submission, the appellant specifically alleged in his petition that his appellate counsel was ineffective for failing to ensure that the trial transcript was complete and for failing to argue on appeal (a) that the warrant for the appellant’s arrest was invalid, (b) that the trial court had erred in allowing him to represent himself at trial without first ensuring that he had knowingly waived his right to counsel, and (c) that he had been denied his right to self-representation because of his stand-by counsel’s unsolicited participation at trial. These claims appear in the appellant’s argument in support of his petition filed in the trial court with his Rule 32 petition. (C. 19-26.) Moreover, he stated a factual basis for at least some of the specific instances of ineffective performance he alleged.
We find that it is necessary to again remand this cause to the trial court, with directions that the trial court specifically address each of the appellant’s allegations of ineffective assistance of appellate counsel. Such claims must be considered and addressed by the trial court before they can be reviewed by this court. On remand, the trial court may conduct such further proceedings or take such evidence as it deems necessary. Should the trial court deny the appellant’s claims, the trial court should state its reasons for doing so in a written order. A return should be filed with this court within 70 days after the release of this opinion.
REMANDED l^ITH DIRECTIONS.*
All the Judges concur.

 Note from the reporter of decisions: On February 13, 1998, on second return to remand, the Court of Criminal Appeals affirmed, without opinion. On April 3, 1998, that court denied rehearing, no opinion.