The appellant, George Brown Jr., was convicted of two counts of capital murder and one count of attempted murder. He was sentenced to serve two life sentences in the penitentiary without parole for the murder convictions and life in the penitentiary for the attempted murder conviction. His direct appeal from those convictions was affirmed and a certificate of judgment was issued on June 15, 1993. See Brown v. State,623 So.2d 416 (Ala.Cr.App. 1993). He is now appealing the trial court's summary denial of his petition for post-conviction relief brought pursuant to Rule 32, Ala.R.Crim.P.
The appellant's Rule 32 petition alleged:
 1 — That he received ineffective assistance of counsel at trial because trial counsel
 — failed to request the appointment of an another attorney to help counsel prepare for trial;
 — failed to request a jury charge explaining that no negative inference could be drawn from the appellant's failure to testify;
 — failed to object and/or move to dismiss the indictments, which, according to the appellant, were confusing, contained multiple offenses, and failed to apprise the appellant of the charges against him;
 — failed to file a motion in limine or to object at trial to the State's introducing evidence of an uncharged offense — (that the appellant had previously attempted to murder William Flowers and Veronica Brown); and
 — failed to adequately investigate the facts and laws surrounding his case, failed to interview and call witnesses on the appellant's behalf, failed to discuss trial strategy with the appellant, and failed to pursue the appellant's mental disease or defect defense.
 2 — That he received ineffective assistance of counsel on appeal because appellate counsel
 — failed to contact him to discuss the issues raised in his appeal; *Page 1103 
 — failed to raise on appeal the fact that the appellant had not been given a mental examination which was necessary to support his defense of not guilty by reason of mental disease or defect, after such examination was ordered by the trial court;
 — failed to appeal as to the trial court's failure to conduct a sentencing hearing; and
 — failed to appeal as to the trial court's alleged error in permitting the State to present evidence of prior "events," which the trial court had previously ruled inadmissible.
 3 — That the trial court was without jurisdiction to render judgment and impose sentence because
 — the indictment was fatally defective in that it failed to state a capital offense as defined by § 13A-5-40, Ala. Code 1975; and,
 — there was no sentencing hearing; therefore, a final judgment was not rendered, and the trial judge was without jurisdiction to impose sentence.
On appeal the appellant also contends that the trial court erred in summarily dismissing his Rule 32 petition. Rule 32.7(d), Ala.R.Crim.P., permits summary disposition of a Rule 32 petition for post-conviction relief under certain circumstances.
We have reviewed the indictment in light of the appellant's jurisdictional concerns and find his argument to be without merit. The indictment was proper and the appellant has not raised a true jurisdictional challenge.
The appellant raises the claim of ineffective assistance of trial and appellate counsel in his pro se petition. He was represented by different counsel at trial and on appeal. The State's motion to dismiss argued that newly appointed appellate counsel must raise claims of ineffective assistance of trial counsel before the trial court in a motion for a new trial pursuant to Ex parte Jackson, 598 So.2d 895 (Ala. 1992), or the issue is precluded from appellate review. The appellant responded by arguing that Ex parte Jackson was released after he had been convicted and his motion for a new trial had been denied; therefore, according to the appellant, his ineffective assistance of counsel issues should not have been precluded under Ex parte Jackson. Before Ex parte Jackson, if an appellant was represented by different counsel on appeal, issues of ineffective assistance of trial counsel had to be raised on direct appeal or they were deemed waived. Ex parteJackson provided a method whereby newly appointed appellant counsel could discover and present all issues concerning ineffective assistance of trial counsel on direct appeal. The procedure outlined in Ex parte Jackson prevents an appellant from raising ineffective assistance of appellate counsel in a Rule 32 petition. Here appellate counsel did not allege ineffective assistance of trial counsel on direct appeal. Therefore this issue is waived as an issue which could have been raised on direct appeal but was not. Rule 32.2(a)(5), Ala.R.Crim.P.
The appellant's claim of ineffective assistance of appellate counsel is not precluded. The State's only argument in its motion to dismiss regarding the alleged ineffective assistance of appellate counsel was that the appellant had "made only bare bones allegations insufficient to support a claim for post-conviction relief. Rule 32.6(b), A.R.Crim.P." C.R. 34. We do not agree. The allegations made by the appellant in his petition, if true, would entitle the appellant to relief. The appellant's claim of ineffective assistance of appellate counsel was not addressed by the trial court in its order dismissing the petition.
 " 'The issue of whether the appellant's counsel was ineffective for failure to raise specific issues on appeal must be considered and addressed by the trial court before it is subject to review by this Court. See, e.g., Floyd v. State, 571 So.2d 1221 (Ala.Cr.App. 1989); Saffold v. State, 563 So.2d 1074
(Ala.Cr.App. 1990); Henley v. State, [1991], 582 So.2d 590 (Ala.Cr.App. 1991).'
 "Tedder v. State, 586 So.2d 50, 54
(Ala.Crim.App. 1991)."
Drayton v. State, 675 So.2d 1358, 1359 (Ala.Cr.App. 1995). *Page 1104 
We remand this cause to the trial court with directions that the State be allowed to file an amended motion to dismiss in which it can respond to the allegations of ineffective assistance of appellate counsel. We do not address the issue regarding the trial court's failure to conduct a sentencing hearing because it is without merit. The trial court on remand shall determine, based on the State's response, whether an evidentiary hearing should be held on the appellant's remaining allegations. The trial court shall enter written findings with regard to the appellant's allegations of ineffective assistance of appellate counsel. The trial court shall take necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 90 days of the release of this opinion. Should a hearing be granted, the return to remand shall include a transcript of the proceedings in the trial court.
REMANDED WITH INSTRUCTIONS.*
All the Judges concur.
* Note from the Reporter of Decisions: On August 23, 1996, on return to remand, the Court of Criminal Appeals affirmed, without opinion.