I concur with the decision of the Court to deny this petition for the writ of certiorari with a "cracker." I write specially in order to remind the bench and bar of the limitations of the effect of a denial of a petition for a writ of certiorari and in order to address some of the statements of law in the opinion of the Court of Criminal Appeals.
The denial of a petition for a writ of certiorari is not an endorsement of the decision or opinion of the lower appellate court. Exparte Terry, 540 So.2d 785 (Ala. 1989); Banks v. State, 358 So.2d 480
(Ala. 1978); and Hurst v. State, 293 Ala. 548, 307 So.2d 73 (1975). Most petitions for writs of certiorari are denied because the petitions and the accompanying briefs (or such materials as are submitted seeking certiorari review) do not meet the requirements established by Rule 39 and Rule 40, Ala.R.App.P., to obtain certiorari review or otherwise do not meet the procedural or substantive requirements to demonstrate a probability of merit. Moreover, because certiorari review is discretionary, some petitions for writs of certiorari that would support certiorari review are denied in order to avoid diverting the judicial manpower of the Supreme Court from still worthier issues that must be reviewed.
Sometimes, a "cracker," or a disclaimer, accompanies an order denying a petition for a writ of certiorari when some aspect of an opinion of the lower appellate court prompts a majority or more of the Justices to remind the bench and bar of what is true for every denial of a petition of writ of certiorari: that the denial is not an endorsement of the decision or opinion of the lower appellate court. The absence of a cracker does not imply any degree of either approval or disapproval.
On the merits, on the one hand, the result reached by the Court of Criminal Appeals in this case is entirely justifiable on the ground that the defendant's Rule 32, Ala.R.Crim.P., petition was filed after the two- year deadline without any proof of an excuse that might warrant an extension of the deadline pursuant to Rule 1.3(b), Ala.R.Crim.P. On the other hand, some of the other aspects of the rationale of the *Page 858 
Court of Criminal Appeals need some comment.
First, the opinion of the Court of Criminal Appeals seems to hold that Rule 1.3(b) can never authorize an extension of the two-year deadline for filing a Rule 32 petition under any circumstances. 778 So.2d at 849. This apparent holding is really just dictum because the Rule 32 petition does not establish any excusable neglect, which is the criterion for the application of Rule 1.3(b). Whether this particular rule can authorize an extension of the two-year deadline for filing a Rule 32 petition has not been previously decided by either the Court of Criminal Appeals or this Court. A question of first impression should not be contemplated in dictum as an additional rationale to buttress a primary rationale which is, in and of itself, entirely sufficient.
Second, the Court of Criminal Appeals holds that the petitioner's claims of ineffective assistance of appellate counsel "are barred because they either were addressed at trial and on direct appeal, Rules 32.2(a)(2) and (4), or they could have been raised at trial and then challenged on direct appeal. Rules 32.2(a)(3) and (5)." 778 So.2d at 850. The particular claims of ineffective assistance of appellate counsel addressed by this rationale are quoted as paragraphs XVI.C., XVI. F., XVI.H., and XVI.L. of the Rule 32 petition. See ___ So.2d at ___. Any ground of relief, of course, must be presented, first, to the trial court and, next, to the appellate court. Ineffective assistance ofappellate counsel obviously cannot be raised or addressed at trial, where no appellate representation has yet occurred, and could hardly be raised or addressed on direct appeal, where the very lawyer handling the appeal would be the one whose effectiveness would be at issue. Even if some appellate lawyer were so humble, so zealous, and so schizophrenic that he could effectively attack his own effectiveness in his own appellate brief, he would not have had an opportunity to present these attacks to the trial judge. Thus a Rule 32 petition is the only adequate remedy for ineffective assistance of appellate counsel. Brown v. State,681 So.2d 1102 (Ala.Crim.App. 1996); and Alderman v. State, 647 So.2d 28
(Ala.Crim.App. 1994). The Court of Criminal Appeals erred in holding that the petitioner's claims of ineffective assistance of appellate
counsel are barred because they were or could have been raised and addressed at trial or on direct appeal.
Third, the Court of Criminal Appeals erroneously holds that the petitioner's claims of jury misconduct are insufficient because they do not meet the criteria of Rule 32.1(e), Ala.R.Crim.P., for newly discovered evidence. 778 So.2d at 854. A claim of jury misconduct is a claim of a denial of constitutional due process. Irvin v. Dowd,366 U.S. 717, 721-22 (1961), and McDonough Power Equip., Inc. v.Greenwood, 464 U.S. 548, 549 (1984). Rule 32.1(a) (constitutional violations), Ala.R.Crim.P., is the authority for collateral relief for such a claim. This rule is entirely distinct from Rule 32.1(e) (newly discovered evidence), Ala.R.Crim.P., even though a defendant must pursue a claim under either rule with timely diligence in order to succeed. The criterion of Rule 32.1(e) (newly discovered evidence) that absolutely does not apply to a claim under Rule 32.1(a) (constitutional violations) is Rule 32.1(e)(5) — that "[t]he facts establish thatpetitioner is innocent of the crime for which petitioner was convicted
or should not have received the sentence that petitioner received." (Emphasis added.) Ex parte Pierce, [Ms. 1981270, September 1, 2000] ___ So.2d ___ (Ala. 2000). A defendant is not required to prove his innocence in order to get a constitutional trial, including a fair jury, to consider his presumption of innocence. *Page 859