PATTERSON, Judge.
James Eddins appeals from the dismissal of his petition for post-conviction relief, which he had filed pursuant to A.R.Crim.P. Temp. 20. He avers in his petition that he pleaded guilty in Coffee County to three charges of theft of property in the first degree on May 19, 1986, in accordance with a plea bargain agreement; that as part of the agreement, he was to be sentenced to ten years’ imprisonment on each charge, and that the sentences were to run concurrently; and, in addition, that the agreement provided that the sentences would run concurrently with a ten-year sentence that he had previously received in Houston County on another similar charge. He avers that the trial court refused to accept the agreement in its entirety, by refusing to order that the Coffee County sentences run concurrently with the other sentence. He further avers that he timely instructed his attorney to take appropriate measures to withdraw his guilty pleas, that his attorney disregarded his instructions, that his attorney failed to timely file motions to withdraw the pleas, and that his attorney erroneously led him to believe that the sentence in Houston County would run currently with the other sentences. He states that he did not learn that the Houston County sentence of ten years was to be served consecutively until he was later notified by the prison authorities. He avers that had he known that the entire agreement would not be accepted by the trial court, he would not have entered the guilty pleas. He claims, inter alia, that the failure of his attorney to seek a timely withdrawal of his guilty pleas and his attorney’s misrepresentations amounted to constitutional ineffectiveness. The state’s written response to the petition contains no facts and is no more than a general denial.
We find that appellant’s petition sufficiently alleges a claim of inadequate assistance of counsel, and he would be entitled to relief if he could prove his allegations. He was entitled to an evidentiary hearing on his petition. This case is due to be, and it *320 is hereby reversed and remanded with instructions for the circuit court to afford appellant an evidentiary hearing on his petition.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All Judges concur.