Melvin Arnold appeals from the denial of his A.R.Cr.P.Temp. Rule 20 petition by the Circuit Court of Coffee County,[1] wherein he contested the validity of his conviction for second degree sodomy and two convictions for producing obscene matter. These convictions rest upon his pleas of guilty entered on October 7, 1986, pursuant to a plea bargain agreement. Appellant was sentenced, on January 6, 1987, to 10 years' imprisonment for his sodomy conviction and 15-year terms for his convictions for producing obscene matter. These sentences were split into imprisonment for three years and probation for the remainder of the terms, taking into account the time already served. These sentences were to run consecutively. He made no direct appeal.
In reviewing the trial court's ruling, we find that it was proper in regard to all except one of the grounds asserted, for all grounds other than the allegation of ineffectiveness of trial counsel could have been raised at trial or on appeal. See Rule 20.2(a)(3) and (5). The one allegation not precluded is appellant's assertion that his trial counsel was ineffective for, among other reasons, coercing him to plead, allowing him to plead when he was under the influence of drugs, and promising him that he would receive probation; that allegation is supported by sufficient factual averments that, if true, would warrant relief. Accordingly, the judgment is reversed and the cause is remanded for the trial court to hold an evidentiary hearing on the merits of appellant's allegation of ineffectiveness of counsel. The trial court is further directed to appoint counsel to represent appellant in this proceeding and to "make specific findings of fact relating to each material issue of fact presented," Rule 20.9(d). Due return of the action taken should be made to this court.
REVERSED AND REMANDED.
All Judges concur.
[1] We note that this cause has a protracted procedural history. Appellant first filed a Rule 20 petition on September 22, 1987. It was dismissed pursuant to the state's motion, for failure to comply with Rule 20 form requirements. Thereafter, appellant filed for relief by federal habeas corpus. This petition was dismissed without prejudice, for appellant's failure to exhaust his state remedies. Then, Arnold filed a second petition on June 20, 1989, which was improperly dismissed as being successive. This is the ruling before us. The attorney general concedes that the court's ruling rests on an improper ground, but urges that the petition was properly denied on the ground that appellant was precluded by not having raised the asserted issues on direct appeal.