George Henderson appeals from the trial court's summary denial of his A.R.Cr.P.Temp. *Page 1010 
20 petition, as amended, in which he contested the validity of his 1989 conviction for unlawful distribution of cocaine, which was based upon his plea of guilty, and his resulting sentence of 10 years' imprisonment, as a habitual offender.[1] In its order denying Henderson's petition, the trial court found that Henderson "did not raise and/or preserve and/or appeal the contentions which are the basis of this petition in the procedurally proper manner or time" and that "[t]he contentions now raised have therefore been waived under Rule 20.2 [A.R.Cr.P.Temp.] . . . as a result of this failure."
On appeal, Henderson contends that the trial court erred in denying his petition without an evidentiary hearing in regard to the following grounds: (1) his plea was unlawfully induced and not made voluntarily with an understanding of the charge and the consequences of his plea, and (2) his counsel was ineffective and he was prejudiced thereby. In his petition, Henderson averred that his counsel misinformed him of the applicable sentence range and thus tricked him. He further averred that counsel had arranged a plea agreement that counsel knew was not "valid by law"; that, in fact, this agreement was not honored by the state; that counsel failed to seek a timely withdrawal of Henderson's plea; that counsel, knowing case no. CC-88-291 had not been dropped pursuant to the plea agreement, allowed the time of any appeal of the guilty plea to run; and that he was not advised of his right to appeal. (However, in regard to this last claim, the case action summary notes that Henderson was advised of his right to appeal.) Henderson also alleged that, but for this plea agreement, he would have insisted on a jury trial. Finally, Henderson claimed that his trial counsel failed to investigate and to interview the alleged alibi and "misidentification" witnesses and that, but for his mistaken belief that his counsel received no useful evidence from those witnesses, he would have insisted on a jury trial.
It is our opinion that these allegations could not have been raised on appeal and, thus, that they were not procedurally barred from the trial court's consideration. Trial counsel, who Henderson has alleged to have been ineffective, remained counsel of record until after Henderson's Rule 20 petition was filed. See Flanagan v. State,577 So.2d 559 (Ala.Cr.App. 1990).
Henderson's petition is meritorious on its face, and its allegations are not refuted. Thus, they must be accepted as true for the purposes of the pleadings and of the framing of the issues. Sheats v. State, 556 So.2d 1094, 1095
(Ala.Cr.App. 1989).
Accordingly, this cause is remanded to the circuit court for further proceedings and specific findings of fact relating to each material issue presented. Any necessary action should be taken in sufficient time to permit the circuit clerk to make a proper return to this court at the earliest possible time within 60 days of the release of this opinion.
REMANDED WITH DIRECTIONS.
All Judges concur.
[1] In his petition, Henderson also contested the revocation of probation (on September 20, 1989) on a previous conviction. Evidently, this revocation was based upon the charge of unlawful distribution of cocaine that was also the basis for the conviction he is contesting in the instant petition. We consider Henderson's contest of the revocation to have been abandoned; it was not pursued in any of Henderson's amendments and, as the state alleges, the revocation has a different case number (CC-89-19) and is "totally irrelevant to the case upon which he plead guilty." Moreover, Henderson did not pursue the revocation on appeal.