ON RETURN TO REMAND
PATTERSON, Presiding Judge.
We remanded this case to the trial court with instruction that it hold an evidentiary hearing to determine whether Melvin Arnold had been denied effective assistance of counsel. 562 So.2d 296. The hearing was held in accordance with our instructions and a return was filed by the trial court. The trial court found that Arnold was competent at the time he entered his guilty pleas; that his pleas were entered voluntarily and with complete knowledge of the consequences; that his counsel was not ineffective, but, on the contrary, performed in a competent and skilled manner; and that the issue of former jeopardy presented by Arnold as to Counts III and V were without merit, because the videotape upon which the charges were based depicted two separate acts at different times involving two different victims.
The principal evidence against Arnold relied upon by the state was a videotape showing Arnold and his minor stepdaughters engaging in the sexual conduct described in the indictment, along with incul-patory letters Arnold had written to his wife. Arnold testified that he had been *388 taking medication and did not remember making the videotape nor participating in the activities depicted on the tape. He also claimed that, because of the medication, he did not remember the proceedings wherein he pleaded guilty to the offenses. He made a poor witness for himself, and his testimony is not worthy of belief. Faced with the evidence against him, his counsel did an excellent job in negotiating the plea bargain agreement. The record does not support Arnold’s contention that he was not advised of his right to appeal his convictions or did not understand that he had a right to appeal. There was also ample evidence in the record to support the trial court’s conclusion that Arnold was not promised probation if he pleaded guilty. The judgment of the trial court denying Arnold’s post-conviction petition for relief filed pursuant to A.R.Crim.P.Temp. 20 is fully supported by the evidence in the record and is due to be, and it is hereby, affirmed.
OPINION EXTENDED; AFFIRMED.
All Judges concur.