The petitioner, Willie David Pitts, pleaded guilty to murder and was sentenced to life imprisonment. This is an appeal from the denial of the petitioner's request for post-conviction relief pursuant to Rule 32, A.R.Crim.P.
In his Rule 32 petition, the petitioner presented several grounds for relief. The state moved to summarily dismiss the petition. Without an evidentiary hearing, the circuit court dismissed the petition on the grounds that the petition was not sufficiently specific, that it failed to state a claim, that no material issue of fact or law existed that would entitle the petitioner to relief under Rule 32, and that no purpose would be served by further proceedings.
After reviewing the Rule 32 petition, we hold that the circuit court correctly dismissed all of the claims, except that claim alleging ineffective assistance of counsel, because each lacked the specificity required by Rule 32.7(a), (d), A.R.Crim.P.
Regarding the ineffectiveness of counsel claim, the petitioner set out two instances of alleged impropriety on the part of his trial counsel in the petition for post-conviction relief. Initially, the petitioner stated that counsel was ineffective for advising him to plead guilty without explaining to him the minimum and maximum potential sentences that he could receive for his crime. The petitioner also contended that counsel's performance was ineffective because he failed to object to the court's sentencing the appellant pursuant to the Habitual Felony Offender Act without proving his prior convictions.
The grounds for ineffective assistance of counsel are alleged with sufficient specificity to merit a hearing. If the court knows that these allegations are without factual foundation, then that must be so stated by the court as the grounds relied on for the denial. Thus, "[w]ithout ruling on the truth or substance of the allegations, we conclude that the petitioner is entitled to an evidentiary hearing at the trial court level." Watson v. State, 451 So.2d 373, 374 (Ala.Cr.App. 984). See also Arnold v. State, 562 So.2d 296 (Ala.Cr.App. 990);Eddins v. State, 555 So.2d 319 (Ala.Cr.App. 989). Cf.,Henderson v. State, 586 So.2d 1009 (Ala.Cr.App. 991); Henley v.State, 582 So.2d 590 (Ala.Cr.App. 991).
This cause is remanded to the Circuit Court for Lee County for an evidentiary hearing on the merits of the petitioner's allegations of ineffectiveness of counsel. The circuit court "shall make specific findings of fact relating to each material issue of fact presented." Rule 32.9(d), A.R.Crim.P. Due return should be filed with this court within 30 days.
REMANDED WITH INSTRUCTIONS.
All the Judges concur.