TAYLOR, Judge.
The petitioner, Billie Nelson Whited, was convicted of trafficking in cocaine, a violation of § 13A-12-231, Code of Alabama 1975. He was sentenced to 99 years’ imprisonment.
Pursuant to Rule 32, A.R.Crim.P., the petitioner requested post-conviction relief, contending, among other things, that he had been denied effective assistance of counsel. Without an evidentiary hearing, the circuit court granted the state’s motion for dismissal of the petition, stating that the petition was not sufficiently specific, that it failed to state a claim, that no material issue of fact exists that would entitle the petitioner to relief under Rule 32, and that no purpose would be served by further proceedings.
After reviewing the Rule 32 petition, we find that all of the petitioner’s claims, except that alleging ineffective assistance of counsel, are precluded under Rule 32.2(a)(5), A.R.Crim.P., because each could have been presented on direct appeal.
Regarding the ineffectiveness claim, the petition set out four main contentions regarding trial counsel’s alleged ineffectiveness. In his Rule 32 petition, the petitioner initially alleges that his counsel was ineffective for failing to subpoena a tape of the transaction based upon which the subject indictment and charge were brought, which tape, allegedly, had been spliced and/or altered. He also alleged in his petition that counsel should have subpoenaed certain telephone records, which, he says, would have been beneficial to the defense. Further, the petitioner stated that counsel had been ineffective in failing “to file appropriate pretrial motions in order to make the state ‘elect’ which portion of the statute charging [him that the state] intended to proceed upon.” Additionally, the Rule 32 petition stated that counsel had been ineffective in failing to preserve objections to various jury instructions.
The grounds for ineffective assistance of counsel are alleged with sufficient specificity to merit a hearing. If the court knows that these allegations are without factual foundation, then that fact must be stated by the court as the ground relied on for the denial. Thus, “[wjithout ruling on the truth or substance of the allegations, we conclude that the petitioner is entitled to an evidentiary hearing at the trial court level.” Watson v. State, 451 So.2d 373, 374 (Ala.Cr.App.1984). See also Arnold, v. State, 562 So.2d 296 (Ala.Cr.App.1990); Eddins v. State, 555 So.2d 319 (Ala.Cr.App.1989). Cf., Henderson v. State, 586 So.2d 1009 (Ala.Cr.App.1991); Henley v. State, 582 So.2d 590 (Ala.CrApp.1991).
This cause is remanded to the Circuit Court for Lee County with instructions to hold an evidentiary hearing on the merits of the petitioner’s allegation, of ineffectiveness of counsel and to “make specific findings of fact relating to each material issue of fact presented.” Rule 32.9(d), A.R.Crim.P. Due return should be filed with this court within 30 days.
REMANDED WITH INSTRUCTIONS.
All the Judges concur.