TAYLOR, Judge.
The appellant, James Truman Whitehead, appeals from the summary denial of his petition for post-conviction relief under Rule 32, A.R.Crim.P. The appellant alleged in his petition that newly discovered evidence existed, warranting a new trial. Specifically, the appellant maintains that during his trial one of the state’s witnesses perjured himself on the stand. The record contains an affidavit by one of the state’s witnesses in which the witness states that the testimony he gave at the appellant’s trial was false.
The trial court denied his petition without an evidentiary hearing. The appellant has alleged valid grounds for relief with sufficient specificity to merit a hearing. Pitts v. State, 605 So.2d 1253 (Ala.Cr.App.1992). Thus, “[wjithout ruling on the truth or substance of the allegations, we conclude that the petitioner is entitled to an eviden-tiary hearing at the trial court level.” Watson v. State, 451 So.2d 373, 374 (Ala.Cr.App.1984).
This cause is remanded to the Circuit Court for Blount County so that that court may hold an evidentiary hearing on the merits of the appellant’s petition. The *360 court shall make findings of fact as to “each material issue of fact presented.” Rule 32.9(d), A.R.Crim.P. Due return should be filed with this court no more than 56 days from the date of this opinion.
REMANDED WITH INSTRUCTIONS.
All the Judges concur.