ON RETURN TO REMAND
TAYLOR, Judge.
The appellant, Carl Demetrius Gage, appeals from the summary denial of his petition for post-conviction relief under Rule 32, A.R.Crim.P. Pursuant to a motion filed by the state, this cause was remanded to the Circuit Court for Mobile County to allow the state to respond to the appellant’s petition. 615 So.2d 1245. The state responded, citing the procedural grounds of Rule 32.2(a)(5), A.R.Crim.P., as a bar to the appellant’s petition. The trial court denied the petition.
All of the issues raised by the appellant would be barred, by either Rule 32.2(a)(5) or Rule 32.7(d), A.R.Crim.P., except the issue concerning ineffective assistance of counsel. According to the record, the appellant was represented by the same counsel throughout the entire proceedings. This petition, therefore, is the appellant’s first opportunity to raise the issue of ineffective assistance of trial counsel. This issue is not precluded based on Rule 32.-2(a)(5) and should have been considered by the nisi prius court. Consistent with the *1247 precedents by which we are bound, we again remand this cause to the Circuit Court for Mobile County.
The appellant set out several instances of alleged impropriety on the part of his trial counsel. The appellant contended that his counsel failed to object to the state’s alleged failure to lawfully prove his prior convictions by certified copies. The appellant also contends that his counsel misled him into pleading guilty. He also asserts that he was sentenced without a hearing. “The grounds for ineffective assistance of counsel are alleged with sufficient specificity to merit a hearing.” Pitts v. State, 605 So.2d 1253, 1254 (Ala.Cr.App.1992). Proving them is, of course, another matter.
This cause is remanded to the Circuit Court for Mobile County for an evidentiary hearing on the appellant’s allegations of ineffective assistance of counsel. The court should make written findings of fact as required by Rule 32.9(d), A.R.Crim.P. The court’s findings and the transcript of the proceedings should be filed with this court within 28 days from the date of this opinion.
REMANDED WITH DIRECTIONS.
All the Judges concur.