ON RETURN TO REMAND
TAYLOR, Judge.
The appellant, Billie Nelson Whited, appealed the denial of his petition for post-conviction relief under Rule 32, A.R.Crim.P. We remanded this cause so that the trial court could hold an evidentiary hearing on the appellant’s allegations and make “specific findings of fact relating to each material issue of fact presented.” Rule 32.9(d), A.R.Crim.P. Whited v. State, 623 So.2d 352 (Ala.Cr.App.1992). After the trial court’s return, we found it necessary to again remand the cause to the trial court because the trial court failed to comply with our directions. Whited v. State, 623 So.2d 353 (Ala.Cr.App.1993). The trial court has once again filed an order on return with this court in response to our January 22, 1993, opinion. We find that the trial court’s most recent order complies with our directions. The trial court’s order stated:
*355 “1. Petitioner avers that his counsel was ineffective for failure to subpoena a tape recording of the transaction made the basis of the charge. Evidence revealed that this narcotics transaction took place at a service station in Auburn, Alabama. The Petitioner was with other individuals ... at that point. The evidence of his guilt was overwhelming from oral testimony in the case and other evidence presented. The Court finds there is no merit to this contention.
“2. Petitioner avers that his trial counsel was ineffective for failure to subpoena telephone records. In the judgment of this Court, telephone records would have done nothing to change the situation as presented at the trial of this case. Again, Petitioner was present at the time the transaction went down and evidence of his guilt was overwhelming. There is no merit in this contention.
“3. Petitioner avers that his trial counsel was ineffective for failure to file pretrial motions to make the State elect. The Court finds that there was no question as to the Section of the Statute under which this Petitioner was prosecuted and that a Motion to Elect would have done nothing to clarify the situation. The Court finds that there was no merit to this contention.
“4. Petitioner avers that his counsel was ineffective for failing to object to jury instructions. The Court finds that there is no merit to this contention.
“5. The Court finds that the verdict of the jury is sustained by the overwhelming weight of the evidence and that Clarence Darrow at the height of his legal abilities could not have changed the result had he been representing the Petitioner.”
The trial court made sufficient findings of facts as to each material issue of fact presented. The trial court correctly denied the appellant’s petition. The judgment in this cause is due to be affirmed.
AFFIRMED.
All the Judges concur.