McMillan, judge.
This Court’s opinion of January 21,1994, is withdrawn and the following is substituted therefor. Jerome Smith, the appellant, appeals from the trial court’s denial of his request to proceed in forma pauperis as to the filing of his Rule 32, Ala.R.Cr.P., petition. The case action summary included in the record reflects that the trial court denied this motion and states:
“This is a successive petition whether the court will deny on its filing under Rule 32.2(b) [sic]. If the petitioner wants to waste the courts [sic] time, then he can pay *591 for it, the petitioner’s request to plead in forma pauperis is denied.”
This entry was made on February 3, 1993.
The record indicates that the appellant was convicted of capital murder on September 26, 1985. He was then sentenced on November 8,1985, following a sentencing hearing before the jury and subsequently the trial court to life imprisonment without parole. On the same day, the appellant gave oral notice of appeal. On appeal, this court remanded the cause to the trial court, pursuant to Ex parte Jackson, 516 So.2d 768 (Ala.1986), which held that Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), be applied retroactively. The appellant’s conviction and sentence were affirmed on return to remand. Smith v. State, 531 So.2d 1245 (Ala.Cr.App.1987). Thereafter, on August 7, 1990, the appellant filed a petition pursuant to Rule 20, Ala.R.Cr.P.Temp., alleging that the prosecution’s strikes violated Batson v. Kentucky, supra; that his appellate counsel had been ineffective; that his trial counsel had been ineffective for failing to adequately respond to the prosecutor’s reasons given for his strikes given pursuant to Batson v. Kentucky, supra; and that the in-court identification of him was made using unfairly suggestive means. The trial court thereafter denied this petition. The appellant appealed this decision and this court remanded the cause with directions for the State to file a response to the petition. On return to remand, this court affirmed the trial court’s denial of the petition. The appellant then filed the instant petition for relief from conviction, pursuant to Rule 32, Ala.R.Cr.P., on January 21, 1993.
Pursuant to Rule 32.2(c), “the court shall not entertain any petition for relief from a conviction or sentence ... unless the petition is filed ... within two (2) years after the issuance of the certificate of judgment by the Court of Criminal Appeals under Rule 41, A.R.App.P.” In the present case, the appellant’s appeal of his conviction and sentence to this court was affirmed on August 23, 1988. Because the instant petition was not filed within two years of that date and because that petition makes no claim of newly discovered material facts, it is barred by the statute of limitations. Thus, because the appellant was not entitled to relief, he suffered no prejudice, and the trial court did not err in denying his request to proceed in forma pau-peris in filing the petition.
Based on the foregoing, the trial court’s order denying the appellant’s request to proceed in forma pauperis is due to be'affirmed.
AFFIRMED; ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED.
All Judges concur.