BASCHAB, Judge.
In May of 1992, the appellant, Torriano Carroll, was convicted of felony murder and sentenced to life imprisonment. This court affirmed his conviction without opinion on March 26, 1993, 618 So.2d 144, and issued a certificate of judgment on April 13, 1993. More than three years later, on August 6, 1996, the appellant filed a Rule 32 petition alleging 1) that the prosecutor had failed to produce information in discovery and 2) that there was newly discovered evidence. With reference to the newly discovered evidence, the appellant asserts that the State’s key witness testified falsely that he had not made a deal with the State in return for testifying against the appellant and that he testified falsely against the appellant.' Included as part of the record is a case action summary sheet showing that a charge against that witness was dismissed during the appellant’s trial. The appellant further alleges that there is a reasonable probability that the result of the case would have been different if these facts had been known at the time of the trial. The State filed a response, denying the allegation of newly discovered evidence and arguing that the issues were precluded from review because “the allegations could have been discovered through due diligence.” The trial court summarily denied the petition, stating that the appellant was precluded from relief by the two-year limitation period of Rule 32.2(c).
*816 I
The appellant argues, that the trial court erred in summarily denying his petition and that he established a legitimate exception to the two-year procedural bar set forth in Rule 32.2(c), Ala.R.Crim.P. A trial court may summarily deny a petition that is precluded. Ala.R.Crim.P. 32.7(d). Generally, if an appeal has been taken, a Rule 32 petition must be filed within two years after the issuance of the certificate of judgment by this court. Rule 32.2(e); Catchings v. State, 684 So.2d 168 (Ala.Cr.App.1995); Baker v. State, 667 So.2d 50 (Ala.1995); Smith v. State, 650 So.2d 590 (Ala.Cr.App.1994). The appellant has not shown that an exception to the two-year limitation period should be made with respect to his argument that the prosecutor failed to produce certain information during the discovery process. Therefore, the trial court was correct in summarily denying the petition with respect to that claim because it was filed more than two years after the issuance of the certificate of judgment by this court, and that portion of the trial court’s order is affirmed.
II
However, the trial court erred in summarily denying the petition with respect to the appellant’s claim regarding newly discovered evidence without making specific findings of fact to support that decision. Newly discovered evidence claims are not automatically precluded by the two-year limitation period of Rule 32.2(c). Rule 32.2(c) specifically allows the trial court to hear a petition alleging newly discovered evidence more than two years after the certificate of judgment is issued by this court if the petition is filed within six months after the discovery of the newly discovered material facts. Rule 32.2(c), Ala.R.Crim.P.
The appellant alleges that the State’s key witness testified falsely about not having made a deal with the State, and he also alleges that there is a reasonable probability that the outcome of the case would have been different if that fact had been known. In its response, the State generally denied that there was newly discovered evidence and merely asserted that the appellant’s claim was precluded because “the allegations could have been discovered through due diligence.”. The State did not respond to the appellant’s allegations that the witness was a key -witness and that the result probably would have been different if the new evidence had been known at the time of the trial. It would be erroneous for this court to attempt to weigh the evidence and determine that the appellant’s allegations are insufficient on the scant record before us. Ex parte Boatwright, 471 So.2d 1257 (Ala.1985). Therefore, the unre-futed facts set out by the appellant must be taken as true. Teat v. State, 589 So.2d 815 (Ala.Cr.App.1991); Chaverst v. State, 517 So.2d 643 (Ala.Cr.App.1987); Ex parte Floyd, 457 So.2d 961 (Ala.1984). Assuming the appellant’s allegations are true, the appellant would possibly be entitled to relief. Therefore, his claim is meritorious on its face. Whitehead v. State, 616 So.2d 359 (Ala.Cr.App.1992); Ex parte Boatwright, supra.
Without ruling on the truth or substance of the allegations, we conclude that the appellant is entitled to either a more specific order addressing the merits of his claim or an evidentiary hearing at the trial court level. Whitehead v. State, supra; Pitts v. State, 605 So.2d 1253 (Ala.Cr.App.1992); Watson v. State, 451 So.2d 373, 374 (Ala.Cr.App.1984). If the trial court knows that the appellant’s allegations are -without factual foundation and that the claim should be summarily denied on the merits, then it must state so as the reason for its denial. Pitts v. State, supra; Coleman v. State, 571 So.2d 1289 (Ala.Cr.App.1990). Otherwise, the trial court should hold an evidentiary hearing on the merits and enter an order making specific findings of fact with regard to the appellant’s claim that he is entitled to relief on the grounds of newly discovered evidence.
With regard to the allegations of newly discovered evidence, the trial court erred in holding that the appellant’s claims are precluded by the two-year limitation period. Therefore, the judgment of the trial court dismissing the appellant’s petition is reversed and this cause is remanded to the Circuit Court of Jefferson County. On remand, the trial court “shall make specific findings of fact relating to each material issue of fact *817 presented,” whether it summarily denies the petition or holds an evidentiary hearing. Rule 32.9(d), Ala.R.Crim.P. Due return should be filed with this court within 56 days.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS. *
McMILLAN and BROWN, JJ., concur.
COBB, J., dissents with opinion, in which LONG, P.J., joins.

 Note from the reporter of decisions: On October 17, 1997, on return to remand, the Court of Criminal Appeals affirmed, without opinion.