Vondale Parker appeals from the trial court's summary dismissal of his January 21, 1997, Rule 32, Ala.R.Crim.P., petition for post-conviction relief. The petition challenged the revocation of his probation, which resulted from his convictions for burglary in the third degree (CC-93-0168) and attempted arson in the second degree (CC-95-0047). No direct appeal was taken. According to Parker's petition, he filed his first Rule 32 petition on April 19, 1996, and it was dismissed because, the trial court held, he had failed to raise issues for review. Parker alleges that no appeal was taken from the dismissal of his first petition because, he says, he "was told to file another Rule 32, and raise grounds." C.R. 40. The case action summary sheet reflects that the first Rule 32 petition was dismissed because "the court finds that the defendant raises no new issues that could not have been raised upon appeal. Rule 32, being no substitute for appeal." C.R. 4, C.R. 51.
The most recent petition was summarily dismissed before the State responded. The trial court entered the following order: "The defendant has raised no new issues in his second Rule 32, Ala.R.Crim.P., petition than [those that] were raised in the first petition. It is noted that the defendant confessed his violation of the conditions of his probation." C.R. 5, C.R. 51. The order summarily dismissing Parker's Rule 32 petition contradict his assertion that no issues were raised in the first petition. The trial court's orders are part of the record on appeal. Parker's unsupported assertions are not.
According to the trial court's order, the present petition was summarily dismissed as a successive petition. "`[B]efore a subsequent petition can be deemed successive [pursuant to Rule 32.2(b)], a previous petition must have been considered on its merits.'" Ladd v. State, 577 So.2d 926, 927
(Ala.Cr.App. 1990), cert. denied, 577 So.2d 927 (Ala. 1991), (quoting Blount v. State, *Page 260 572 So.2d 498 (Ala.Cr.App. 1990)). There is no indication in the record that the first petition was adjudicated on the merits.
Because the petition was dismissed before the State answered, Parker's allegations are undisputed. Undisputed factual allegations must be taken as true. Henderson v. State,586 So.2d 1009, 1010 (Ala.Cr.App. 1991). Among Parker's issues was the assertion that the failure to bring a direct appeal was without fault on his part. He contends that his counsel told him that he could not appeal and at the time he believed counsel and took no direct appeal. The record discloses that this issue was raised in the first petition. The trial court denied the first petition on the basis that the issues presented on the Rule 32 petition should have been raised on direct appeal. The ruling ignores the crux of the issue — that Parker stated that he did not appeal because trial counsel told him he could not appeal the revocation of probation. Parker had the right to appeal the denial of his probation revocation. Thomas v.State, 675 So.2d 1341 (Ala.Cr.App. 1994) ("It is clear that a defendant may appeal from a trial court's judgment revoking his probation."). If Parker's assertions are true, he has raised a claim that entitles him to an out-of-time appeal.
Rule 32.1(f), Ala.R.Crim.P., states:
 "Subject to the limitations of Rule 32.2, any defendant who has been convicted of a criminal offense may institute a proceeding in the court of original conviction to secure appropriate relief on the ground that:
 ". . . .
 "(f) The petitioner failed to appeal within the prescribed time and that failure was without fault on petitioner's part."
Parker essentially argues that he failed to appeal within the prescribed time and that failure was without fault on his part. He had made that argument in both petitions. Neither petition was adjudicated on the merits. Therefore, the appellant has raised an issue that is meritorious on its face, that was not procedurally barred, and that was apparently not addressed by the trial court.
This cause is remanded to the trial court with instructions to allow the State 30 days from the date of this opinion to file a response to Parker's petition in compliance with Rule 32.7(a), Ala.R.Crim.P. If the circuit court is not satisfied that denial of the petition is the appropriate disposition, the trial court shall proceed to review the petition in compliance with Rule 32.9, Ala.R.Crim.P. In any event, due return should be made to this court within 70 days. Return to remand should include the transcript from any further proceedings in addition to orders issued by the circuit court and motions filed by the parties.
REMANDED WITH INSTRUCTIONS.*
All the Judges concur.
* Note from the reporter of decisions: The Court of Criminal Appeals' docket sheet indicates that on December 17, 1997, the trial judge filed a return to the remand. A docket entry of February 13, 1998, indicates the trial court had "case set for trial for 6/2/98." On February 19, 1998, the Court of Criminal Appeals dismissed the appeal.