LONG, Presiding Judge.'
The appellant, Ronald Jerome Lee, appeals from the summary denial of his petition for post-conviction relief filed pursuant to Rule 32, Ala.R.Crim.P. In his petition, he challenges the May 1996 judgment of the trial court revoking his probation, imposed as a result of his April 1995 guilty plea conviction for burglary in the third degree. The appellant did not take a direct appeal from the judgment revoking his probation.
The appellant claims that his failure to take a direct appeal from the judgment revoking his probation was through no fault of his own. See Rule 32.1(f), Ala.R.Crim.P. In this regard, he alleges that the attorney who was appointed to represent him during the revocation proceedings never informed him that he had the right to appeal from the judgment revoking his probation and that the trial court also failed to advise him of this right.
The state failed to address the appellant’s claim in its answer to his petition. In fact, its answer consisted largely of “boilerplate” language addressed to the validity of the appellant’s underlying guilty plea conviction and not to the proceedings that resulted in the revocation of his probation. The trial *775 court, in its order denying the appellant’s petition, did not specifically address the appellant’s claim concerning his failure to appeal from the judgment revoking his probation, and we can only speculate as to the trial court’s basis for denying the appellant relief on this claim.
If the appellant’s allegations are taken true, the claim in his petition is meritorious on its face. Because the appellant’s allegations concerning his failure to appeal are undisputed, they must be taken as true. Henderson v. State, 586 So.2d 1009, 1010 (Ala.Cr.App.1991). If his allegations are true, he has raised a claim that entitles him to an out-of-time appeal from the judgment revoking his probation. Parker v. State, 719 So.2d 259 (Ala.Cr.App.1997).
The appellant’s claim is meritorious on its face; it was not disputed by the state; and it was not addressed by the trial court. Moreover, the claim was not procedurally barred under the provisions of Rule 32.2, Ala. R.Crim.P. See Parker, 719 So.2d at 259-60. Therefore, we remand this cause to the trial court with instructions for that court to examine the merits of the appellant’s claim that his failure to take a direct appeal from the judgment revoking his probation was through no fault of his own. On remand, the trial court may conduct such further proceedings or take such evidence as it deems necessary. If the trial court is not satisfied that denial of the appellant’s petition is the appropriate disposition, the trial court shall proceed to review the petition in compliance with Rule 32.9, Ala.R.Crim.P. In any event, due return should be made to this court within 70 days after the release of this opinion. Return to remand should include the transcript from any further proceedings in addition to orders issued by the trial court and motions filed by the parties.
REMANDED WITH INSTRUCTIONS. *
All the Judges concur.

 Note from the reporter of decisions: On August 14, 1998, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On October 23, 1998, that court denied rehearing, without opinion.