BASCHAB, Judge.
The appellant, Eric Lamont Coleman, was convicted of two counts of murder, and the trial court sentenced him to serve concurrent terms of life in prison. We affirmed his convictions in an unpublished memorandum and issued a certificate of judgment on May 27, 1998. See Coleman v. State, (CR-96-1431) 738 So.2d 933 (Ala. *1232 Crim.App.1998) (table). On November 10, 1998, the appellant filed a Rule 32 petition, which he subsequently amended. After the State responded, the circuit court summarily denied the petition. This appeal followed.
The appellant argues that he is entitled to postconviction relief because his appellate counsel allegedly rendered ineffective assistance. In his brief to this court, he cites 29 instances in which he contends that appellate counsel rendered ineffective assistance, including 22 instances in which appellate counsel allegedly rendered ineffective assistance by not preserving for appellate review and raising on direct appeal allegations that his trial counsel rendered ineffective assistance. In support of its motion to dismiss the appellant’s petition, the State attached an affidavit from appellate counsel. However, neither the State nor appellate counsel specifically addressed or refuted each of the ineffective-assistance-of-appellate-counsel claims the appellant raised. Furthermore, in denying the petition, the circuit court did not make specific findings of fact regarding each ineffective-assistance-of-appellate-counsel claim the appellant raised. Taking the appellant’s allegations as true, he has raised claims that may be meritorious. See Carroll v. State, 706 So.2d 815 (Ala.Crim.App.1997). Accordingly, we remand this case to the circuit court with instructions that that court make specific, written findings of fact regarding each of the appellant’s ineffective-assistance-of-appellate-counsel claims. On remand, the circuit court may require the State to respond specifically to the appellant’s ineffective-assistance-of-appellate-counsel claims and/or may conduct an evidentiary hearing on those claims. The circuit court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 56 days after the release of this opinion. The return to remand shall include the circuit court’s specific, written findings of fact and, if applicable, the State’s response and a transcript of the evidentiary hearing.
REMANDED WITH INSTRUCTIONS. 
LONG, P.J., and McMILLAN, COBB, and FRY, JJ., concur.