BASCHAB, Judge.
On March 18, 1999, the appellant, Timothy John Wooten, pled guilty to first-degree rape and first-degree sodomy, and the trial court sentenced him to serve concurrent terms of twenty years in prison. He did not appeal his convictions. On May 2, 2000, the appellant filed a Rule 32 petition, challenging his convictions. In his petition, he alleged that his trial counsel had rendered ineffective assistance in several instances. Before the State could respond, the circuit court ..summarily denied his petition. This appeal followed.
The appellant argues that the circuit court erroneously summarily denied his petition. In its order denying the petition, the circuit court did not make specific findings of fact regarding each ineffective-assistance-of-counsel claim the appellant raised. Additionally, in its response, which was filed after the circuit court had denied the petition, the State did not specifically address or refute each of the ineffective-assistance-of-counsel claims the appellant raised. The appellant’s allegations that his trial counsel did not correctly advise him of the consequences of entering his guilty pleas may be meritorious. See Brown v. State, 727 So.2d 885 (Ala.Crim. App.1998); Carroll v. State, 706 So.2d 815 (Ala.Crim.App.1997). Accordingly, we remand this case to the circuit court with instructions that that court make specific, written findings of fact regarding each of the appellant’s ineffective-assistance-of-counsel claims. On remand, the circuit court may require the State to respond specifically to the appellant’s ineffective-assistance-of-counsel claims and/or may conduct an evidentiary hearing on those claims. The circuit court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 42 days *476 after the release of this opinion. The return to remand shall include the circuit court’s specific, written findings of fact and, if applicable, the State’s response and a transcript of the evidentiary hearing.
REMANDED WITH INSTRUCTIONS. 
LONG, P.J., and McMILLAN, COBB, and FRÍ, JJ., concur.