Joshua Matthew Bearden appeals the circuit court's summary denial of his Rule 32, Ala.R.Crim.P., petition for postconviction relief, in which he attacked his 1998 convictions for rape in the first degree and sodomy in the first degree. Bearden was sentenced to 15 years' imprisonment for each conviction; the sentences were to run concurrently. He did not appeal. *Page 870 
On July 18, 2000, Bearden filed the instant Rule 32 petition attacking his convictions. In his petition, Bearden alleged that the circuit court lacked jurisdiction to render the judgment or to impose the sentence, that his trial counsel was ineffective, and that his failure to appeal his convictions was through no fault of his own. After receiving a response from the State, the circuit court summarily denied Bearden's petition, finding that none of Bearden's claims were pleaded with enough specificity to warrant relief, and that all of Bearden's claims were barred by Rules 32.2(a)(3) and (a)(5), Ala.R.Crim.P., because they could have been, but were not, raised or addressed at trial or on appeal, and by Rule 32.2(c), Ala.R.Crim.P., because Bearden's petition was filed outside the two-year limitations period.
Initially, we note that the circuit court erred in finding that Bearden's petition was time-barred by Rule 32.2(c). Rule 32.2(c), provides, in pertinent part:
 "Subject to the further provisions hereinafter set out in this section, the court shall not entertain any petition for relief from a conviction or sentence on the grounds specified in Rule 32.1(a) and (f), unless the petition is filed: (1) In the case of a conviction appealed to the Court of Criminal Appeals, within two (2) years after the issuance of the certificate of judgment by the Court of Criminal Appeals under Rule 41, Ala.R.App.P.; or (2) In the case of a conviction not appealed to the Court of Criminal Appeals, within two (2) years after the time for filing an appeal lapses."
The record reflects that Bearden was convicted on April 8, 1998, and was sentenced on June 8, 1998. Bearden had 42 days from June 8, 1998 — until July 20, 1998 — see Rule 4(b)(1), Ala.R.App.P., to file a notice of appeal. On July 20, 1998, the two-year limitations period in Rule 32.2(c), Ala.R.Crim.P., began to run. Bearden's petition was filed on July 18, 2000, two days before the limitations period had expired. Therefore, the circuit court erred in finding that Bearden's petition was time-barred by Rule 32.2(c), Ala.R.Crim.P.
However, "`where the judgment of the circuit court denying a petition for postconviction relief is correct for any reason, it will be affirmed by this Court, even if the circuit court stated an incorrect reason for its denial.'" Long v. State, 675 So.2d 532, 533 (Ala.Crim.App. 1996), quoting Swicegood v. State, 646 So.2d 159, 160 (Ala.Crim.App. 1994). For the reasons that follow, we find that the circuit court was correct in summarily denying all but one of Bearden's claims.
 I.
Bearden contends that the circuit court lacked jurisdiction to render the judgment or to impose the sentence. He makes two arguments in this regard.
First, Bearden contends that the circuit court lacked jurisdiction because, he says, the affidavit submitted in support of the warrant for his arrest was not properly verified. Although couched in jurisdictional terms, this claim does not present a jurisdictional issue. See, e.g.,Sumlin v. State, 710 So.2d 941 (Ala.Crim.App. 1998) (holding that challenges to an arrest warrant are not jurisdictional). Therefore, we agree with the circuit court that this claim is procedurally barred by Rules 32.2(a)(3) and (a)(5), Ala.R.Crim.P., because it could have been, but was not, raised or addressed at trial or on appeal.
Second, Bearden contends that the circuit court lacked jurisdiction because, he says, the indictments charging him with first-degree rape and first-degree sodomy were fatally defective. Specifically, he argues that the indictments failed to allege *Page 871 
what he terms "an essential element" of both offenses — the victim's age. (Bearden's brief at p. 11.)
The indictment charging Bearden with rape in the first degree alleged, in pertinent part, that Bearden "did engage in sexual intercourse with [the victim], a female, by forcible compulsion, in violation of Section13A-6-61 of the Code of Alabama, against the peace and dignity of the State of Alabama." (C. 49.) The indictment charging Bearden with sodomy in the first degree alleged, in pertinent part, that Bearden "did engage in deviate sexual intercourse with [the victim] by forcible compulsion, in violation of Section 13A-6-63 of the Alabama Criminal Code, against the peace and dignity of the State of Alabama." (C. 50.)
Section 13A-6-61, Ala. Code 1975, provides, in pertinent part:
 "(a) A male commits the crime of rape in the first degree if:
 "(1) He engages in sexual intercourse with a female by forcible compulsion; or
 "(2) He engages in sexual intercourse with a female who is incapable of consent by reason of being physically helpless or mentally incapacitated; or
 "(3) He, being 16 years or older, engages in sexual intercourse with a female who is less than 12 years old."
Section 13A-6-63, Ala. Code 1975, provides, in pertinent part:
 "(a) A person commits the crime of sodomy in the first degree if:
 "(1) He engages in deviate sexual intercourse with another person by forcible compulsion; or
 "(2) He engages in deviate sexual intercourse with a person who is incapable of consent by reason of being physically helpless or mentally incapacitated; or
 "(3) He, being 16 years old or older, engages in deviate sexual intercourse with a person who is less than 12 years old."
Contrary to Bearden's contention, his indictments were not fatally defective for not charging the victim's age. Subsections (a)(1), (a)(2), and (a)(3) of §§ 13A-6-61 and 13A-6-63 are alternative methods of proving the crimes of first-degree rape and first-degree sodomy; all three methods do not have to be charged in the indictment and all three methods do not have to be proven by the State. Bearden was charged with first-degree rape and first-degree sodomy by forcible compulsion under § 13A-6-61(a)(1) and § 13A-6-63(a)(1); he was not charged with first-degree rape pursuant to § 13A-6-61(a)(3) or first-degree sodomy pursuant to § 13A-6-63(a)(3). The victim's age was not an element of the crimes for which Bearden was charged and of which he was convicted and, therefore, did not have to be charged in the indictment. Consequently, Bearden's claim that the circuit court lacked jurisdiction to render the judgment or to impose the sentence because the indictments were defective is meritless. The circuit court properly denied his Rule 32 petition as to this claim.
 II.
Bearden also contends that his trial counsel was ineffective. In this regard, Bearden claims that his counsel was ineffective for allegedly:
 1. Failing to object to what Bearden says was an unverified affidavit submitted in support of the arrest warrant;
 2. Failing to object to the allegedly defective indictments;
 3. Failing to object to the consolidation of his trial with that of a codefendant; *Page 872 
 4. Failing to object to the circuit court's allegedly "incomplete jury instruction" (C. 34.);
 5. Failing to object to the admission of certain evidence; and
6. Failing to file any pretrial motions.
None of Bearden's claims were pleaded with the required specificity; they are merely bare allegations unsupported by any facts. Rule 32.3, Ala.R.Crim.P., states that "[t]he petitioner shall have the burden of pleading and proving by a preponderance of the evidence the facts necessary to entitle the petitioner to relief." Rule 32.6(b), Ala.R.Crim.P., states that "[t]he petition must contain a clear and specific statement of the grounds upon which relief is sought, including full disclosure of the factual basis of those grounds. A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings." Although Bearden attempts to include more specific facts regarding his claims of ineffective assistance of counsel in his brief to this Court, those allegations are not properly before this Court for review because Bearden did not include them in his original petition before the circuit court. Because Bearden failed to meet the specificity requirements of Rule 32.6(b) and the pleading requirements of Rule 32.3, the circuit court properly denied his claims of ineffective assistance of counsel.
Moreover, we note that Bearden's claim that his counsel was ineffective for failing to challenge the indictments is meritless because we have already determined that the indictments were not defective. Bearden's counsel could not be ineffective for failing to raise a baseless objection.
 III.
Finally, Bearden contends that his failure to appeal his convictions was through no fault of his own. In his petition, Bearden alleged that his counsel refused to pursue an appeal on his behalf. The State has requested that we remand this cause to the circuit court for that court to address the merits of this claim, and we agree that a remand is necessary.
Contrary to the circuit court's finding, this claim is not time-barred by Rule 32.2(c), Ala.R.Crim.P., nor is it procedurally barred by Rules 32.2(a)(3) and (a)(5), Ala.R.Crim.P. As noted previously, Bearden's petition was filed within the two-year limitations period. In addition, Bearden clearly could not have raised this claim at trial or on appeal. Finally, contrary to the circuit court's finding, this claim was pleaded with sufficient specificity to entitle Bearden to relief if the facts alleged are true. See, e.g., Waddle v. State, 784 So.2d 367
(Ala.Crim.App. 2000); Lee v. State, 723 So.2d 774 (Ala.Crim.App. 1998); and Parker v. State, 719 So.2d 259 (Ala.Crim.App. 1997).
Therefore, we remand this cause to the circuit court for that court to address the merits of Bearden's claim that he failed to appeal his convictions through no fault of his own and to make specific findings of fact regarding that issue. On remand, the circuit court may either conduct an evidentiary hearing or take evidence in the form of affidavits, written interrogatories, or depositions. See Rule 32.9(a), Ala.R.Crim.P. Due return shall be filed with this Court no later than 42 days from the date of this opinion. The return to remand shall include the circuit court's written findings along with a transcript of the evidentiary hearing, if any, or other evidence taken by the court. *Page 873 
REMANDED WITH DIRECTIONS.
McMillan, P.J., and Cobb, Baschab, and Wise, JJ., concur.