WELCH, Judge.
Michael Darnell Oliver appeals from the denial of his Rule 32, Ala. R.Crim. P., petition seeking postconviction relief from his November 18, 2010, conviction, pursuant to a guilty plea, of second-degree assault and his sentence of 20 years’ imprisonment.[1] Oliver did not pursue a direct appeal. This petition, Oliver’s first, was timely filed on May 10, 2011.
Oliver’s petition, though not artfully drafted, presents the following claims:
1.That Oliver’s plea of guilty was unlawfully induced or not made voluntarily with an understanding of the nature of the charge and the consequences of the plea because, the sentence imposed 20 years’ imprisonment — did not comply with the plea agreement made with the district attorney that Oliver would receive a split sentence and serve only 3 years in prison. Oliver asserted that splitting the 20-year sentence was not mentioned to Judge Reese, the judge who presided over Oliver’s guilty plea and sentencing. Additionally, Oliver claims that counsel Brett Harrison was ineffective because he neglected to advise Judge Reese about the guilty-plea agreement. Oliver also claims that counsel’s deception about the Oliver’s true sentence misled Oliver into entering a guilty plea.
2. That his conviction was obtained as a result of the unconstitutional failure of the prosecution to disclose favorable evidence to Oliver. Oliver also argues that his counsel withheld newly discovered facts from him until after his sentencing. At that time, according to Oliver, his counsel, Brett Harrison, told him that Ursula Fields had stated at a pretrial conference that she started the altercation along with several others and that she assaulted Oliver with a stick first and that her boyfriend pulled a pistol on Oliver and fired several shots in Oliver’s direction before Oliver committed an assault. Oliver asserted that this information was favorable to him and had he been given this information before his sentencing he would have filed a motion to withdraw his guilty plea. Oliver asserted that this information was material and that it would have resulted in a not-guilty verdict.
3. That his counsel was ineffective. Oliver stated that he fired his first counsel, Trina S. Williams but that she continued to conspire with his new counsel, Brett Harrison, to convince Oliver to plead guilty to a 20-year mandatory sentence. Oliver also stated that counsel’s actions deprived him of a speedy trial. Oliver asserted that Harrison was also ineffective because he failed to enforce the guilty-plea agreement with the district attorney at sentencing on November 18, 2010.
*167 4.That he was denied the right to appeal his conviction. Oliver claimed that his failure to appeal was not his fault because, after Oliver received the information set forth above, Harrison told Oliver that he would come to the jail to talk about an appeal or about the possibility of getting Oliver’s sentence reduced. Oliver asserted that Harrison never came to the jail. Oliver claimed that he mailed a letter to Harrison on November 22, 2010, concerning court issues such as an appeal and a possible sentence reduction, but Harrison did not respond to this letter.
The State filed a response to Oliver’s Rule 32 petition, asserting the following:[2]
1. The claims in the petition do not comply with the pleading requirements found in Rules 32.3 and 32.6(b).
2. Oliver’s ineffective-assistanee-of-counsel claims are not pleaded with sufficient specificity to show that counsel’s performance was deficient and that Oliver suffered prejudice as a result of counsel’s alleged deficient performance — the two requirements set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), necessary to establish ineffective assistance of counsel. Thus, the State asserted that the ineffective-assistance-of-counsel claims also fail to comply with Rules 32.3 and 32.6(b).
3. The burglary charge was nolle prossed (see footnote 1). Therefore, all claims regarding this alleged conviction is moot.
4. The State responded to Oliver’s claim that his guilty plea was induced by a plea agreement that was not honored by asserting that, prior to sentencing, Oliver’s attorney explained the consequences of pleading guilty and Judge Reese confirmed that Oliver understood his rights. Moreover, the State asserted that Oliver pleaded no example of how he was misled or deceived into entering the plea. Thus, according to the State, this claim is a bare assertion and should be dismissed for failure to comply with Rule 32.6(b).
5. The State responded to Oliver’s claim that his conviction was obtained by the unconstitutional failure of the prosecution to disclose newly discovered favorable evidence by asserting that the State has an open-file policy and, thus, that all discovery was provided to Oliver. Moreover, the State asserted that Oliver actually pleaded only that a defense witness had a different account of the incident than a State witness. The State further asserted that this claim should have been raised at trial and that, therefore, it is procedurally barred pursuant to Rule 32.3.
6. The State responded to Oliver’s claim that he received ineffective assistance of counsel because his counsel conspired to convince him to plead guilty to a 20-year sentence by asserting that the 20-year sentence was within the statute and within the sentencing guidelines. As to Oliver’s claim that his counsel denied him a fair and speedy trial, the State asserted that Oliver did not plead any specifics to support this claim. As to Oliver’s claim that his counsel failed to enforce the plea agreement during sentencing, the State asserted that Oliver did not prove[3] that an agreement existed and he did not assert this claim in a timely manner. The State asserted that Oliver’s dissatisfaction with his sentence does not impact the voluntariness of the plea. The State further as *168 serted that Oliver’s claims of ineffective assistance of counsel are bare allegations unsupported by pleaded facts and, as such, do not entitle him to relief. Rules 32.3 and 32.6(b).
7. As to Oliver’s claim that the failure to appeal his conviction was through no fault of his own, but was his counsel’s fault, the State asserted that Oliver claimed only that his counsel did not visit him in jail or respond to his letter concerning filing an appeal. According to the State, because Oliver did not state that he “followed up” with his attorney to confirm that the letter was received or to reschedule a jail visit, this claim should be dismissed pursuant to Rule 32.6(b). (C. 43.)
On June 11, 2011, the circuit court entered a written order denying Oliver’s requested relief and stating the following:
“This matter is before the Court on [Oliver’s] Petition For Relief From Conviction Or Sentence, filed pursuant to Rule 32, Ala. R.Crim. P., and the State’s Answer to Petition for Relief and Motion to Dismiss.
“[Oliver] was indicted by the Montgomery County Grand Jury in August 2010 for one count of Assault in the Second Degree and one count of Burglary in the First Degree. On October 23, 2010, the Petitioner pleaded guilty to Assault in the Second Degree. The Burglary in the First Degree charge was nolle prossed. On November 18, 2010, this Court sentenced [Oliver] to twenty years’ imprisonment. [Oliver] filed the present petition on, or about, May 10, 2011.
“As a basis for this Petition, [Oliver] claims the following grounds for relief: That his conviction was obtained by a guilty plea which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea; th[at] his conviction was obtained by the unconstitutional failure of the prosecution to disclose to [Oliver] evidence favorable to [him]; that he was denied effective assistance of counsel; and that his failure to appeal within, the prescribed time was without fault of his own.
“1. [Oliver] made a lawful and voluntary guilty plea to Assault in the Second Degree; the Burglary in the First Degree charge was nolle prossed by the State of Alabama.
“2. [Oliver’s] conviction was not obtained by any failure of the prosecution to disclose to [Oliver] evidence favorable to him.
“3. [Oliver] was provided effective assistance of counsel.
“4. [Oliver] failed to file a timely appeal of his sentence or conviction.
“It is the finding of this Court that there is no evidence to support [Oliver’s] claims.
“Therefore, upon consideration thereof, and having taken judicial notice of the Court’s own records, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Petition for Evi-dentiary Hearing is hereby SUMMARILY DISMISSED without an evidentiary hearing pursuant to Rule 32.7(d) of the Alabama Rules of Criminal Procedure.”
(C. 45-46.)
I.
Oliver essentially reiterates on appeal the claims presented in his Rule 32 petition. However, on appeal, Oliver provides additional facts in support of his claims in his appellate brief.
“[T]hese factual allegations were not included in his petition or amended petition; therefore, they are not properly before this Court for review and will not be considered. See, e.g., Bearden v. *169 State, 825 So.2d 868, 872 (Ala.Crim.App. 2001) (‘Although Bearden attempts to include more specific facts regarding his claims of ineffective assistance of counsel in his 'brief to this Court, those allegations are not properly before this Court for review because Bearden did not include them in his original petition before the circuit court.’). See also Hodges v. State, 147 So.3d 916 (Ala. Crim.App.2007), and Hyde v. State, 950 So.2d 344 (Ala.Crim.App.2006).”
Bryant v. State, [Ms. CR-08-0405, February 4, 2011] — So.3d-(Ala.Crim.App. 2011).
II.
To the extent Oliver intended to present a speedy-trial claim, it is not supported by a sufficient factual basis and, thus, as the State pleaded, it does not comply with Rules 32.3 and 32.6(b).
III.
To the extent that Oliver intended to present the claim that the prosecution withheld exculpatory evidence, it is also unsupported by a sufficient factual basis and also fails to comply with Rules 32.3 and 32.6(b).
IV.
To the extent the circuit court dismissed the petition because “there is no evidence to support [Oliver’s] claims,” we note that the court did so in error. Oliver had no burden of proof at the pleading stage. See Ford v. State, 831 So.2d 641 (Ala.Crim.App.2001).
V.
Contrary to the State’s response, other than the claims referenced in Parts I through III above, Oliver sufficiently pleaded all of his remaining claims except his claim seeking an out-of-time appeal. However, neither the State nor the circuit court addressed all of Oliver’s claims. The sufficiently pleaded undisputed claims “must be taken as true.”. Lee v. State, 723 So.2d 774, 775 (Ala.Crim.App.1998).
VI.
Oliver pleaded the substantive claim that he was not sentenced in accordance with his plea agreement. This claim challenged the voluntariness of his plea, and if proven to be true, would entitle Oliver to relief. “It is well settled that a challenge to the voluntariness of a guilty plea may be raised for the first time in a timely filed Rule 32 petition. See Cantu v. State, 660 So.2d 1026 (Ala.1994); Baker v. State, 717 So.2d 859 (Ala.Cr.App.1996).” Waddle v. State, 784 So.2d 367, 369 (Ala. Crim.App.2000). He also presents this claim as an ineffective assistance of counsel claim — that counsel was ineffective for allowing him to be sentenced outside the plea agreement. He asserted that counsel’s doing so prevented his having a jury trial and a speedy trial. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), states that to prove ineffective assistance, a party must show 1) that counsel’s performance was deficient and 2) that that deficiency prejudiced the defendant. “In the context of guilty plea proceedings, a petitioner must also show that but for counsel’s error, the petitioner would not have pleaded guilty, but would, instead, have insisted on proceeding to trial.” Hill v. Lockhart, 474 U.S. 52, 58-59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). The State’s assertion.that Oliver’s attorney explained the consequences of pleading guilty and that Judge Reese confirmed that Oliver understood his rights does not address Oliver’s claim that he was sentenced contrary to his plea agreement. The circuit court’s finding that “[Oliver] *170 made a lawful and voluntary guilty plea to Assault in the Second Degree” does not address this claim.
VII.
Oliver claimed that his counsel was ineffective because, according to Oliver, counsel withheld information from Oliver regarding exculpatory statements made by Ursula Fields that, had Oliver been aware of, would have prevented him from entering a guilty plea. The State’s assertion that the prosecutor has an open-file policy and that all discovery was turned over to Oliver does not address Oliver’s claim that his counsel withheld information from Oliver that affected his decision to enter a guilty plea. Moreover, because Oliver pleaded that his counsel withheld information from him, the State’s assertion that Oliver had actually pleaded only that a defense witness had a different account of the incident than a State witness is not accurate. The circuit court’s ruling that “[Oliver’s] conviction was not obtained by any failure of the prosecution to disclose to [Oliver] evidence favorable to him” did not address this claim.
VIII.
Oliver also claimed that he is entitled to an out-of-time appeal. However, Oliver failed to plead in is petition that he instructed counsel to appeal his conviction. The claim seeking an out-of-time appeal fails because Oliver did not plead that he instructed his counsel to pursue a direct appeal. Rules 32.3 and 32.6(b).
IX.
Oliver’s claims that he did not receive the benefit of his plea bargain and that his counsel was ineffective for failing to assure that he was sentenced in accordance with his plea bargain and for failing to disclose favorable information to Oliver that would have prevented him from entering a guilty plea were not addressed by the State or the circuit court. These claims are deemed to be meritorious on their face because they were sufficiently pleaded, they were undisputed by the State, they were not addressed by the circuit court, and they are subject to no procedural bar. From Oliver’s pleadings, it appears that Judge Reese presided over Oliver’s guilty-plea proceeding and his Rule 32 petition. We are aware that “[t]he Alabama Supreme Court has held that the circuit judge who presided over the petitioner’s trial and observed the conduct of the petitioner’s attorneys at trial need not hold a hearing on the effectiveness of those attorneys based upon conduct that he observed.” Holloway v. State, 848 So.2d 1017, 1019 (Ala.Crim.App.2002), citing Ex parte Hill, 591 So.2d 462, 463 (Ala.1991). However, Judge Reese would have no knowledge of what was said outside his presence regarding the alleged plea agreement.
Based on the foregoing, we remand this case for the circuit court to provide Oliver an opportunity to present evidence to support those claims listed above.[4] The circuit court shall either con *171 duct an evidentiary hearing or accept evidence in the form of affidavits, written interrogatories, or depositions. See Rule 32.9(a). After receiving and considering the evidence presented, the circuit court shall issue specific written findings of fact regarding Oliver’s claims and may grant whatever relief it deems necessary. Due return shall be filed within 56 days of the date of this opinion, and shall include the circuit court’s written findings of fact, a transcript of the evidentiary hearing, if one is conducted, and any other evidence received or relied on by the court in making its findings.
REMANDED WITH DIRECTIONS 
KELLUM, BURKE, and JOINER, JJ., concur. WINDOM, P.J., concurs in the result.

. Oliver appears to also challenge what he believes to be a conviction for first-degree burglary. However, this charge was nolle pressed.

. To the extent that the State’s motion to dismiss the petition indicates that Oliver bore the burden of "proving” his claims, we note that a petitioner has no burden of proof at the pleading stage. See Ford v. State, 831 So.2d 641 (Ala.Crim.App.2001).

. See footnote 2.

. Oliver’s petition was denied on June 11, 2011. He filed a notices of appeal on June 29, 2011, and on July 11, 2011. On February 16, 2012, Oliver filed with the clerk of this Court a "List of Adverse Rulings — Appendix.” This "appendix” contains documents allegedly from Oliver’s guilty-plea proceedings. However, this document cannot be considered by this Court because it was not made part of the Rule 32 record. " ‘[T]his Court is bound by the record on appeal and cannot consider facts not contained in the record.' ’’ McCary v. State, 93 So.3d 1002 (Ala.Crim. App.2011) (quoting Morrow v. State, 928 So.2d 315, 320 n. 5 (Ala.Crim.App.2004)). This document is akin to attachments to a brief. " '[Attachments to briefs are not considered part of the record and therefore can *171 not be considered on appeal.’ " McCary v. State, 93 So.3d at 1008 (quoting Huff v. State, 596 So.2d 16, 19 (Ala.Crim.App.1991.))